Present: All the Justices

FRANK CLIFTON KING, JR.

OPINION BY
v. Record No. 012730         JUSTICE LAWRENCE L. KOONTZ, JR.
                                  November 1, 2002
COMMONWEALTH OF VIRGINIA


FROM THE COURT OF APPEALS OF VIRGINIA


In this appeal, we consider whether the Court of Appeals of Virginia properly determined that the defendant's failure to object to a subsequent jury instruction operated as a waiver of the issue of an alleged fatal variance between the charge in the indictment and the evidence at trial previously raised by the defendant's motion to strike the evidence. For the reasons that follow, we conclude that the Court of Appeals erred in holding that the defendant waived that issue for purposes of appeal.

BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to it all reasonable inferences fairly deducible therefrom. Dowden v. Commonwealth, 260 Va. 459, 461, 536 S.E.2d 437, 438 (2000). In March 2000, Frank Clifton King, Jr. (King), then age 17, was living with Donald Lee King, his uncle, in the City of Richmond. King and Antonio E. Harris (Harris) formulated a plan to rob Donald Lee King. Daniel Bailey (Bailey), a friend of Donald Lee King, was

visiting the elder King at his home at about 8:00 p.m. on March 3, 2000, when Harris came through the front door brandishing two handguns. Harris instructed both men to get down on the floor and demanded money. King entered the room from his bedroom with a shotgun in his hand. He stood over his uncle and then twice fired the shotgun at him. The elder King was killed as a result. Bailey escaped through the front door although Harris fired several shots and wounded him. King also fired the shotgun once through a window at the fleeing Bailey.

On March 9, 2000, a petition was filed in the City of Richmond Juvenile and Domestic Relations District Court alleging that King "did on or about 3/3/00, unlawfully, feloniously and maliciously shoot/discharge a firearm within or at an occupied dwelling house in violation of section 18.2-279 of the 1950 Code of Virginia as amended." On May 1, 2000, after King was certified to be tried as an adult, the grand jury of the Circuit Court of the City of Richmond returned an indictment against King charging that he "did feloniously, unlawfully and maliciously shoot at or throw a missile at or against an occupied building or dwelling house located at 1220 N. 36th Street, thereby putting the lives of the occupants in peril.

Virginia Code Section §18.2-279."[1]  No explanation for the variation in the description of the offense in the juvenile petition and the subsequent indictment appears in the record.

At the trial, the evidence showed, as has been recounted above, that King only discharged the shotgun while within the house.  Accordingly, at the conclusion of all the evidence, King's counsel moved to strike the evidence regarding a violation of Code § 18.2-279, arguing as follows:

> I move to strike Indictment No. 00F-1804, which is the charge of feloniously, unlawfully, and maliciously shooting at, or throwing a missile at or against an occupied building or dwelling house at 1220 North 36th Street.
>
> The Commonwealth has not proved that, Judge.  The language specific to the indictment contemplates throwing a missile at or shooting a missile at a dwelling.  That language contemplates further, shooting from outside into a dwelling.  The Commonwealth has not proved that.  It hasn't met the language that they set out in the indictment.

The trial court denied the motion.  Thereafter, the trial court gave the following instruction without objection from King:

> The defendant is charged with the crime of shooting within an occupied dwelling.  The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:

---

[1] King was indicted for additional crimes arising from the robbery and murder of his uncle and was convicted of those crimes.  Those convictions are not at issue in this appeal.

3

(1) That the defendant shot <u>within</u> a building occupied by Donald Lee King and Danny Bailey; and

(2) That the life or lives of such person may have been put in peril; and

(3) That the act was done with malice.

(Emphasis added).

An instruction providing the form of the verdict, also given without objection from King, permitted the jury to find King "guilty of maliciously shooting <u>within</u> an occupied dwelling, as charged in the indictment." (Emphasis added). King was convicted and sentenced to a term of ten years, with five years suspended.

King filed an appeal in the Court of Appeals asserting that the trial court had erred in failing to grant his motion to strike the evidence. An appeal was granted and, following oral argument, a three-judge panel of the Court of Appeals in an unpublished opinion affirmed King's conviction. <u>King v. Commonwealth</u>, Record No. 2578-00-2 (November 13, 2001). Although the Commonwealth had not asserted any procedural bar in arguing against King's appeal, the Court of Appeals, invoking its Rule 5A:18,[2] determined that King had waived his objection to

---

[2] In pertinent part, Rule 5A:18, applicable in the Court of Appeals, provides: "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the

4

the trial court's refusal to strike the evidence by his failure to object to the jury instruction that varied from the language of the indictment.  The Court reasoned that by failing to object to this instruction, King permitted the language of the instruction to become "the law of the case," and that the "ends of justice" did not require the Court to overlook King's failure to object "because no miscarriage of justice occurred."  Id., slip op. at 5-7.  Accordingly, the Court of Appeals did not reach the merits of King's contention that the evidence adduced at trial was insufficient to sustain his conviction under the wording of the indictment.  We awarded King this appeal, limited to the waiver issue.

                              DISCUSSION

    King contends that under Code § 8.01-384(A) his objection to the trial court's refusal to strike the evidence was sufficient to preserve for appeal the issue whether the evidence was insufficient to prove a violation of Code § 18.2-279 as specifically charged in the indictment.  Thus, he further contends that the Court of Appeals erred in holding that his failure to object to the jury instruction that varied from the

---

ruling, except . . . to enable the Court of Appeals to attain
the ends of justice."

                                5

language of the indictment acted as a waiver of his prior objection.

In 1992, Code § 8.01-384(A) was amended to provide, in pertinent part, as follows:

> Formal exceptions to rulings or orders of the court shall be unnecessary; but for all purposes for which an exception has heretofore been necessary, it shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor . . . . No party, after having made an objection or motion known to the court, shall be required to make such objection or motion again in order to preserve his right to appeal, challenge, or move for reconsideration of, a ruling, order, or action of the court . . . . Arguments made at trial via . . . oral argument reduced to transcript, or agreed written statements of facts shall, unless expressly withdrawn or waived, be deemed preserved therein for assertion on appeal.

(Emphasis added).

Unquestionably, at the conclusion of the evidence King made "known to the court the action which he desire[d] the court to take [and] his objections to the action of the court and his grounds therefor" by asserting in his motion to strike the evidence that the evidence presented by the Commonwealth was fatally at variance with the offense described in the indictment. The Commonwealth does not assert that King expressly withdrew or affirmatively waived his objection. Thus, it is clear that for purposes of appellate review King has preserved his objection to the trial court's denial of his

6

motion to strike the evidence, unless the application of an implied waiver is appropriate under the circumstances of this case.

Like the waiver of any legal right, the waiver referenced in Code § 8.01-384(A) "will be implied only upon clear and unmistakable proof of the intention to waive such right for the essence of waiver is voluntary choice." Chawla v. BurgerBusters, Inc., 255 Va. 616, 623, 499 S.E.2d 829, 833 (1998). In Chawla, the appellee also argued that the failure to object to a jury instruction was a waiver of a prior objection on the same issue. Applying Code § 8.01-384(A), we rejected this argument, finding no support in the record for the conclusion that the appellant "abandoned or evidenced an intent to abandon the [prior] objection." Id.

The same rationale applies to the circumstances of this case with equal, if not greater, force considering the gravity of applying an implied waiver in a criminal trial. The undeniable purpose of Code § 8.01-384(A) is to relieve counsel of the burden of making repeated further objections to each subsequent action of the trial court that applies or implements a prior ruling to which an objection has already been noted. In this regard, the statute and the contemporaneous objection rule contained in Rule 5A:18, applicable in the Court of Appeals, and in Rule 5:25, applicable in this Court, are entirely consistent.

7

The Commonwealth's reliance on Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988), cert. denied, 490 U.S. 1028 (1989), and Spitzli v. Minson, 231 Va. 12, 19, 341 S.E.2d 170, 174 (1986), cases which pre-date the 1992 amendment of Code § 8.01-384(A), for the principle that the failure to object to instructions that are contrary to a position taken previously on an issue in a trial invites error and, thus, bars consideration of the issue on appeal is misplaced. While the doctrine of invited error remains good law, it simply has no application where, as here, the record shows that a party clearly objected to a specific ruling of the trial court to which error is assigned on appeal, even if the party failed to object to instructions applying or implementing the trial court's prior ruling. See, e.g., Wright v. Norfolk and Western Railway Co., 245 Va. 160, 170, 427 S.E.2d 724, 729 (1993) (distinguishing Spitzli).

Although the parties have briefed the issue whether the trial court erred in failing to grant King's motion to strike, we express no opinion on that aspect of the case because the Court of Appeals did not reach that issue. Rather, we will remand the case to that Court in order to afford it the opportunity to review the issue upon which the appeal was originally awarded therein.

8

## CONCLUSION

For these reasons, the judgment of the Court of Appeals will be reversed, and the case will be remanded for further proceedings consistent with the views expressed in this opinion.

<u>Reversed and remanded</u>.