COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Clements and Kelsey
Argued at Salem, Virginia


DAVID THOMAS HORN, S/K/A
 DAVE THOMAS HORN
                                              MEMORANDUM OPINION[*] BY
v.       Record No. 1317-02-3              JUDGE JEAN HARRISON CLEMENTS
                                                  DECEMBER 30, 2003
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
                         Keary R. Williams, Judge

           Kelly Combs Necessary (Dudley, Galumbeck, Necessary & Dennis,
           on brief), for appellant.

           Margaret W. Reed, Assistant Attorney General (Jerry W. Kilgore,
           Attorney General, on brief), for appellee.


     David Thomas Horn was convicted, upon a plea of *nolo contendere*, of rape, in violation

of Code § 18.2-61.  On appeal, Horn contends the trial court erred in denying his motion at the

sentencing hearing to withdraw his plea of *nolo contendere*.  Finding no error, we affirm the

conviction.

     As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

"Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to it all reasonable inferences fairly deducible therefrom." King v. Commonwealth, 264 Va. 576, 578, 570 S.E.2d 863, 864 (2002). So examined, the evidence presented to the trial court established that, on February 2, 1998, Horn told the police that he had raped his fifteen-year-old sister-in-law (the complaining witness) on January 31, 1998, in the stairwell of a local hospital and that he "wanted to go to jail." He further admitted that the complaining witness "tried to get [him] to stop but [he] wouldn't" and that, after raping her, he told the complaining witness he "would kill her if she told" anyone about the rape.

When subsequently contacted by the police and the Commonwealth's Attorney's office, the complaining witness, who was the sister of Horn's wife, confirmed that Horn "had sexual intercourse with [her] without [her] consent" in the stairwell of the hospital. She further reported that Horn used a knife in the commission of the rape.

On May 5, 1998, Horn was indicted on charges of rape, in violation of Code § 18.2-61, and abduction with intent to defile, in violation of Code §§ 18.2-48 and 18.2-10. On November 30, 1998, Horn entered into a plea agreement with the Commonwealth, wherein he stipulated there was sufficient evidence to find him guilty of raping the complaining witness and agreed to enter a plea of *nolo contendere* to the rape charge. In exchange, the Commonwealth agreed to move to *nolle prosequi* the abduction with intent to defile charge.

At a hearing before the trial court that same day, the Commonwealth moved to *nolle prosequi* the abduction with intent to defile charge. The court granted the Commonwealth's motion. Horn was then arraigned and, "after private consultation with and being advised by his . . . counsel," entered a plea of "no contest" to the rape charge and stipulated that "the evidence

to be presented by the Commonwealth would be sufficient for a finding of guilt."  After thoroughly examining Horn as to his understanding of his *nolo contendere* plea, the trial court found that Horn "fully understood the nature and effect of his plea and of the penalties that may be imposed upon conviction, and of the waiver of trial by jury and of appeal" and that the "plea was freely and voluntarily given."  "[B]efore fixing punishment or imposing sentence," the trial court took Horn's plea under advisement and ordered that a pre-sentence report be prepared.  The trial court continued the case to allow for the preparation of that report.  The court's findings and rulings were memorialized in an order entered January 19, 1999.[1]

On February 10, 1999, Horn's cousin, Willie Mack, took the complaining witness and her mother to defense counsel's office.  During a recorded interview, the complaining witness told Horn's attorney that the sexual intercourse she had with Horn in the hospital stairwell on January 31, 1998, was consensual and that Horn did not have a knife at the time.  She also stated that she could not remember if she and Horn said anything to each other before they "slept together" in the stairwell or whose idea it was.  When asked why she gave the police a different account of what happened, the complaining witness said she did not know, she "just did."  Later, when asked why she told her mother she was raped, the complaining witness said her "mother would be concerned that [she] slept with anyone."  When asked why she later told her mother she was not raped, the complaining witness responded, "I guess my sister."  Asked to explain her answer, she said, "Well, if [Horn] goes to jail, she is going to be mad at me. . . .  I decided to say [there was no rape committed] because there ain't no use in somebody going to jail . . . when they got kids, leave my sister sitting up there with kids.  They need took care of."  When asked if she had been threatened or coerced by Horn to change her statement, the complaining witness replied, "I

---

[1] The Honorable Donald R. Mullins presided over these initial proceedings.

don't want to answer." Later, she responded affirmatively when asked if she was giving the statement to defense counsel "voluntarily and of [her] free will."

At the March 15, 2002 sentencing hearing, Horn requested that he be allowed, based on the complaining witness' February 10, 1999 statement to his attorney recanting her accusation of rape, to withdraw his plea of *nolo contendere*, enter a plea of not guilty, and proceed to trial. The Commonwealth objected to Horn's request, arguing that Horn should not be allowed to withdraw his *nolo contendere* plea because the complaining witness' statement of February 10, 1999, was coerced by Horn and his family. In support of its objection, the Commonwealth called the complaining witness to the witness stand.

The complaining witness testified that her statement to the police that Horn had a knife and raped her in the hospital stairway was the truth. She admitted that she went to the office of Horn's attorney and recanted that statement, but explained that she did so only because her mother and sister, who was married to Horn, pressured her to retract her accusation of rape. She testified her mother told her to retract the accusation because Horn called the mother and threatened to burn down the mother's house with the family inside if the complaining witness did not recant her statement accusing Horn. The complaining witness further testified that Mack also made threats and that she was scared. The complaining witness also testified that her sister pressured her to say the sexual intercourse with Horn was consensual by making her "feel real bad because of the kids," telling her that the children "would be without their daddy" and that the sister "would be by herself" raising the children. The complaining witness further testified on cross-examination as follows:

> [DEFENSE COUNSEL]: Okay. I just want to make sure that I understand. The statement that you gave to me . . ., you're now telling me it's not true and correct, is that correct?
>
> [COMPLAINING WITNESS]: Correct.

- 4 -

[DEFENSE COUNSEL]: I guess my problem is how am I going to know which is true and which is not true?

[COMPLAINING WITNESS]: I don't know. I mean I'm telling the truth now. The reason I gave the statement to you is because I was scared. I mean I didn't really know what else to do. I was thinking of the kids. Plus I was scared of what his family might do or what he might do. And I was really confused.

[DEFENSE COUNSEL]: I guess my question then would be if you were scared then why aren't you scared now?

[COMPLAINING WITNESS]: Well, I am.

[DEFENSE COUNSEL]: All right. If you were thinking of the children then why are you not thinking of the children now?

[COMPLAINING WITNESS]: It hurts me –

[DEFENSE COUNSEL]: What is your reason?

[COMPLAINING WITNESS]: It hurts me that the children is going to be without their daddy. My sister calls saying that her kids is crying, but that's not my fault. That's his fault.

* * * * * * *

[DEFENSE COUNSEL]: Then why did you come [to give the statement]?

[COMPLAINING WITNESS]: Because I was scared. I was scared for my life.

Horn testified at the sentencing hearing that the sexual intercourse he had with the complaining witness in the hospital stairwell on January 31, 1998, was consensual and that he did not use a knife or other weapon. He further testified that he turned himself in to the police because he had committed statutory rape.

Following the presentation of evidence and argument by counsel, the trial court found that, after entering a plea of "no contest" to the charge of rape, Horn attempted, "through and by counsel," to alter the circumstances underlying his plea "by taking a statement from the prosecuting witness that would change the nature of that offense[]." Thus, the court noted, it had

to decide whether to accept "the original version of the facts" given by the complaining witness to the police or the version of the facts "given to [Horn's] attorney by way of a statement sometime after that." In making that decision, the trial judge found as follows: "I've listened to [the complaining] witness testify here on the witness stand today. I've observed her demeanor and her person as she testified and I can tell you here now, Mr. Horn, I accept her version of those facts and the original version of those circumstances." The trial court then pronounced Horn guilty of rape and sentenced him to fifty years in prison.

This appeal followed.

## II. ANALYSIS

On appeal, Horn contends the trial court abused its discretion in not allowing him to withdraw his plea of *nolo contendere* and proceed to trial upon the "new evidence" that the complaining witness recanted her claim that the sexual intercourse at issue was not consensual. We disagree and affirm the judgment of the trial court.

"[A] plea of *nolo contendere* is not a confession of guilt . . . . Nonetheless, by entering a plea of *nolo contendere*, the defendant 'implies a confession . . . of the truth of the charge . . . [and] agrees that the court may consider him guilty' for the purpose of imposing judgment and sentence." Commonwealth v. Jackson, 255 Va. 552, 555, 499 S.E.2d 276, 278 (1998) (citation omitted) (quoting Honaker v. Howe, 60 Va. (19 Gratt.) 50, 53 (1869)). Code § 19.2-296 allows a defendant to withdraw a plea of *nolo contendere* before sentence is imposed. Jefferson v. Commonwealth, 27 Va. App. 477, 485, 500 S.E.2d 219, 223 (1998). Pleas of guilty and *nolo contendere* are treated "alike in the context of a motion to withdraw" a plea under Code § 19.2-296. Id.

> [W]hether or not an accused should be allowed to withdraw a plea of [*nolo contendere*] for the purpose of submitting one of not guilty is a matter that rests within the sound discretion of the trial court and is to be determined by the facts and circumstances

- 6 -

of each case. No fixed or definite rule applicable to and determinative of all cases can be laid down. However, the motion should not be denied, if timely made, and if it appears from the surrounding circumstances that the plea of [*nolo contendere*] was submitted in good faith under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence and would not otherwise have been made.

Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949). In other words, "[t]he least surprise or influence causing a defendant to plead [*nolo contendere*] when he [or she] has any defense at all should be sufficient grounds for permitting a change of plea from [*nolo contendere*] to not guilty." Id. at 325, 52 S.E.2d at 874 (quoting 14 Am. Jur. Criminal Law § 287).

"Determining whether a court erred in declining to allow withdrawal of a [*nolo contendere*] plea 'requires an examination of the circumstances confronting [the] accused immediately prior to and at the time he [or she] pleaded to the charge.'" Jones v. Commonwealth, 29 Va. App. 503, 512, 513 S.E.2d 431, 436 (1999) (latter alterations in original) (quoting Parris, 189 Va. at 322, 52 S.E.2d at 872). "The court's finding as to the credibility of witnesses and the weight of the evidence in support of a motion to withdraw a [*nolo contendere*] plea will not be disturbed unless plainly wrong or without evidence to support it." Id. at 512, 513 S.E.2d at 435.

Considering the facts and circumstances of this case, we conclude that the record fails to show that Horn's plea was involuntary; induced by fraud, coercion, or undue influence; or based upon any surprise or honest mistake of material fact. To the contrary, the record contains ample evidence to support the trial court's denial of Horn's motion to withdraw his plea of *nolo contendere*.

Horn entered a plea of *nolo contendere* to the rape charge and stipulated that "the evidence to be presented by the Commonwealth would be sufficient for a finding of guilt." After

examining Horn concerning his decision to enter a plea of *nolo contendere* and his understanding of the effect of that plea, the trial court correctly found, based upon Horn's responses, that Horn "fully understood the nature and effect of his plea" and that Horn's *nolo contendere* plea was "freely and voluntarily given." Horn presented no evidence to the contrary at the sentencing hearing. Accordingly, we find that Horn's plea was voluntary and was not induced by fraud, coercion, or undue influence.

The evidence presented at the sentencing hearing established that Horn told the police that he had raped the complaining witness in the stairwell of a hospital and that he "wanted to go to jail." Horn also told the police that, during the rape, the complaining witness "tried to get [him] to stop but [he] wouldn't" and that, after raping her, he told the complaining witness he "would kill her if she told" anyone about the rape.

In the complaining witness' initial statement to the police regarding the incident, she stated that she did not consent to the sexual intercourse with Horn and that he used a knife during the rape. After Horn entered his plea, however, the complaining witness told Horn's attorney that the sexual intercourse with Horn was consensual and that Horn did not have a knife with him at the time.

At the sentencing hearing, the complaining witness testified that she recanted her accusation because her sister and mother had pressured her to do so. She explained that her sister, who was married to Horn, made the complaining witness "feel bad because of the kids" and told her that she did not want to raise her children alone. She also testified that her mother informed her about threats from Horn and his family due to the complaining witness' accusation against Horn. Horn had threatened to burn down the mother's house with her family inside if the complaining witness did not recant the accusation. The complaining witness testified that she

retracted her accusation because she was afraid for her life, that her original statement to the police was true, and that she was, in fact, raped by Horn.

The trial court accepted the complaining witness' testimony at the sentencing hearing, concluded that her recantation was untrue, and rejected Horn's testimony that the sexual intercourse was consensual. The court's conclusions are amply supported by the record and not plainly wrong.

Thus, the record fails to show that Horn entered his plea of *nolo contendere* based upon any surprise or honest mistake of material fact. Consequently, the trial court did not abuse its discretion in denying Horn's motion to withdraw his plea of *nolo contendere*.

Accordingly, we affirm Horn's conviction.

<u>Affirmed.</u>