COURT OF APPEALS OF VIRGINIA


Present:   Judges Clements, Haley and Senior Judge Bumgardner
Argued at Alexandria, Virginia


CHERYL ANN SCHOONMAKER BROWN

MEMORANDUM OPINION* BY
v.      Record No. 2395-06-4      JUDGE JAMES W. HALEY, JR.
                                         FEBRUARY 26, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Thomas D. Horne, Judge

Eric N. Strom (Michael E. Snyder; Campbell Miller Zimmerman,
P.C., on briefs), for appellant.

Susan M. Harris, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


I.  INTRODUCTION

Cheryl Ann Schoonmaker Brown appeals from her conviction by the Circuit Court of

Loudoun County of misdemeanor child abuse and neglect in violation of Code § 18.2-371.

Brown contends the circuit court lacked authority to convict her of this offense since it is not a

lesser-included offense of felony child abuse and neglect in Code § 18.2-371.1, under which she

was charged by amended indictment.  The Commonwealth concedes this point, but argues

Brown waived the argument on appeal by not objecting to the trial court's ruling during trial and

inviting the court to commit error.  We find Brown preserved her argument for appeal and

accordingly reverse and dismiss her conviction.

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## II. FACTS

Due to the nature of our decision, only a limited recitation of facts is necessary. Brown was tried by the court on April 26, 2006 on the charge of felony child abuse and neglect in violation of Code § 18.2-371.1.

At the conclusion of the Commonwealth's case, defense counsel made a motion to strike on the ground that Brown's conduct was not so gross and culpable as to amount to a felony. Counsel maintained that while Brown's actions may have constituted a misdemeanor under Code § 18.2-371, that statute was not a lesser-included offense of Code § 18.2-371.1 and so was not at issue. In arguing this motion, counsel stated: "Had the Commonwealth chosen to charge her with 18.2-371, this case as it would appear before the Court would be radically different. They did not." After the Commonwealth responded, defense counsel reiterated his arguments. Counsel maintained: "You may -- you may believe her to be guilty of a misdemeanor contributing to the delinquency. She could have been cited for failing to have the children in seatbelts or something, but not this particular Code section." The circuit court denied the motion to strike.

After the defense rested, defense counsel again moved to strike. The court asked whether the basis of the motion was "the reasons previously stated for the record," and counsel responded "[y]es." In closing arguments defense counsel emphasized Brown was only charged with a felony. Counsel stated:

> Says the sole issue on appeal of this case, whether the mother's conduct created a probability of serious bodily injury or death sufficient to bring that conduct within the scope of Code § 18.2-371.1(B)(1). And that's the Code section that Ms. Brown is charged under.
>
> And it's not an issue of whether what she did was a good thing or a bad thing. It's whether or not she violated this particular Code section.

- 2 -

Counsel further engaged in dialogue with the court specifically on whether Code § 18.2-371 represents a lesser-included offense of Code § 18.2-371.1. The following exchange occurred:

> [MR. STROM]: And it may be odious to say, well, it's all or nothing. You're either guilty of a felony, but I can't find a lesser included misdemeanor of 18.2-371, but that's the option they gave you, Judge.
>
> THE COURT: Why do we say 371 is not a lesser-included offense? I think it is.
>
> MR. STROM: Well, I defer to the Court.

The court asked the Commonwealth's opinion of whether Code § 18.2-371 represented a lesser-included offense of Code § 18.2-371.1, and the Commonwealth agreed with the defense that it did not. The court inquired: "Let me ask you, Ms. Lawless, do you believe that 371 is a lesser-included offense of 371.1 even though you don't agree that's applicable to this case?" The Commonwealth responded: "It was my understand[ing] that it was not a lesser-included offense, Judge."

Nevertheless, the circuit court held the misdemeanor of Code § 18.2-371 did present a lesser-included offense of the felony of Code § 18.2-371.1. The court convicted Brown of the misdemeanor and acquitted her of the felony. From this conviction, Brown appeals.

## III. ANALYSIS

The law is well established "that an accused cannot be convicted of a crime that has not been charged, unless the crime is a lesser-included offense of the crime charged." Commonwealth v. Dalton, 259 Va. 249, 253, 524 S.E.2d 860, 862 (2000). The Commonwealth concedes on brief that Code § 18.2-371, under which Brown was convicted, is not a lesser-included offense of Code § 18.2-371.1, under which Brown was charged. However, the Commonwealth maintains Brown waived her right to challenge her conviction on this basis by failing to raise the issue before the circuit court. Alternatively, the Commonwealth argues

- 3 -

Brown invited the circuit court to convict her of the misdemeanor and so cannot now assign error to that decision.

Whether a party adequately raised an issue before the circuit court to preserve the issue for appeal is governed by Code § 8.01-384(A).  The Code states in relevant part:

> Formal exceptions to rulings or orders of the court shall be unnecessary; but for all purposes for which an exception has heretofore been necessary, it shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor . . . .  No party, after having made an objection or motion known to the court, shall be required to make such objection or motion again in order to preserve his right to appeal, challenge, or move for reconsideration of, a ruling, order, or action of the court.  No party shall be deemed to have agreed to, or acquiesced in, any written order of a trial court so as to forfeit his right to contest such order on appeal except by express written agreement in his endorsement of the order.  Arguments made at trial via . . . oral argument reduced to transcript . . . shall, unless expressly withdrawn or waived, be deemed preserved therein for assertion on appeal.

Code § 8.01-384(A); see also Akers v. Commonwealth, 31 Va. App. 521, 527, 525 S.E.2d 13, 16 (2000) (holding that a brief conversation between defense counsel, the prosecutor, and the court preserved an issue for appeal); Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (*en banc*) (declining to "recreate the requirement of noting an exception to a final adverse ruling of the trial judge").  When a party makes an objection sufficient to preserve an issue for appeal, this Court will only find waiver "'upon clear and unmistakable proof of the intention to waive such right for the essence of waiver is voluntary choice.'"  King v. Commonwealth, 264 Va. 576, 581, 570 S.E.2d 863, 865 (2002) (quoting Chawla v. Burgerbusters, Inc., 255 Va. 616, 623, 499 S.E.2d 829, 833 (1998)).

Failure to state a sufficient objection at the time of the trial court's ruling results in waiver of the issue on appeal.  Rule 5A:18 states in relevant part:

No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.

We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of this rule is to allow correction of an error if possible during the trial, thereby avoiding the necessity of mistrials and reversals." Gardner v. Commonwealth, 3 Va. App. 418, 423, 350 S.E.2d 229, 232 (1986); see also White v. Commonwealth, 21 Va. App. 710, 720, 467 S.E.2d 297, 302 (1996).

A defendant may also waive an argument by inviting the trial court to take the action of which he later complains. Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988). Indeed, we have often stated that "an appellate court will not 'notice error which has been invited by the party seeking to take advantage thereof on appeal.'" McBride v. Commonwealth, 44 Va. App. 526, 529, 605 S.E.2d 773, 774 (2004) (quoting Saunders v. Commonwealth, 211 Va. 399, 400, 177 S.E.2d 637, 638 (1970)).

In this case, Brown raised her argument that Code § 18.2-371 is not a lesser-included offense of Code § 18.2-371.1 on multiple occasions before the trial court. She first did this at the close of the Commonwealth's evidence in her motion to strike, as quoted above. Although Brown waived this motion by presenting her own evidence, Starks v. Commonwealth, 225 Va. 48, 55, 301 S.E.2d 152, 156 (1983), Brown renewed her motion to strike on the same grounds after she rested. During closing arguments, Brown's counsel repeated that Brown was charged only under Code § 18.2-371.1 and could not be convicted under Code § 18.2-371. Fortune v. Commonwealth, 14 Va. App. 225, 227, 416 S.E.2d 25, 27 (1992) (recognizing closing arguments may preserve an issue for appeal in a bench trial). The circuit court specifically acknowledged this argument by asking Brown's counsel why he thought the misdemeanor did not present a

lesser-included offense and following up on this issue by asking the prosecutor whether it constituted a lesser-included offense. The court was unquestionably aware of Brown's position.

Brown's counsel did not concede this argument by indicating deference to the circuit court's legal judgment. The fact that Brown's counsel indicated he would abide by the circuit court's judgment on whether the misdemeanor constituted a lesser-included offense simply recognized the court's authority as the interpreter of the law. See WJLA-TV v. Levin, 264 Va. 140, 159, 564 S.E.2d 383, 395 (2002) (stating that "when the record is clear that the party is not waiving its objection to the prior ruling, but merely proffering or agreeing to an instruction consistent with the trial court's prior ruling, the previous objection will not be waived"). This becomes further evident when considered that it was after Brown's counsel stated he would defer to the court that the court asked the prosecutor's opinion on whether the misdemeanor represented a lesser-included offense. The record does not clearly and unmistakably show a waiver of this objection by Brown. King, 264 Va. at 581, 570 S.E.2d at 865.

Finally, Brown did not invite the circuit court to commit error. Counsel hardly invited error when he specifically told the circuit court the misdemeanor did not represent a lesser-included offense. See id. at 582, 570 S.E.2d at 866 (stating that "the doctrine of invited error . . . simply has no application where . . . the record shows that a party clearly objected to a specific ruling of the trial court to which error is assigned on appeal, even if the party failed to object to instructions applying or implementing the trial court's ruling"). As noted above, counsel stated he could not "find a lesser included misdemeanor of 18.2-371." Counsel further stated on multiple occasions that the court could only convict Brown under the felony code section she was charged under, which was a clear indication of his belief the misdemeanor was not a lesser-included offense. The court acknowledged this argument by asking the prosecutor her opinion on the issue. See Wiggins v. Commonwealth, 47 Va. App. 173, 182, 622 S.E.2d

774, 778 (2005) (finding that "because Wiggins clearly presented his objections to the trial court's ruling while arguing his motion to strike and renewed his motion to strike, we hold that Wiggins was not required to object to this jury instruction in order to preserve his objections to the trial court's ruling"). While the Commonwealth cited McBride, that case is easily distinguishable. In McBride, 44 Va. App. at 530, 605 S.E.2d at 774-75, the Court held that where the defense tendered a jury instruction, it could not later complain about what its own instruction did not contain. By contrast, in this case Brown plainly informed the circuit court she believed Code § 18.2-371 was not a lesser-included offense of Code § 18.2-371.1.

As mentioned above, the Commonwealth concedes on brief that the statute which the circuit court convicted Brown under, Code § 18.2-371, does not represent a lesser-included offense of the statute under which Brown was charged, Code § 18.2-371.1. The Commonwealth's sole argument is that we should find Brown procedurally defaulted. Having determined the procedural argument lacks merit, this ends our inquiry.

The judgment of the circuit court is reversed, and the conviction is dismissed.

Reversed and dismissed.