COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Frank and Huff
Argued at Chesapeake, Virginia

UNPUBLISHED

BRIAN DAVID DUDASH

MEMORANDUM OPINION[*] BY
v.       Record No. 0655-12-1                     JUDGE ROBERT P. FRANK
                                                  DECEMBER 18, 2012

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Bonnie L. Jones, Judge

Charles E. Haden for appellant.

Leah A. Darron, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Brian David Dudash, appellant, in a revocation hearing, was found to have violated a special

condition of his suspended sentence by not fully paying restitution.  The trial court revoked

appellant's two-year suspended sentence.  On appeal, appellant contends that the trial court had no

authority to revoke his suspended sentence because the violation did not occur within the

probationary period or within the period of suspension.  For the reasons stated, we reverse the

judgment of the trial court and dismiss the revocation of appellant's suspended sentence.

BACKGROUND

On May 29, 2002, appellant was found guilty of one count of obtaining money by false

pretense.  At his sentencing on August 5, 2002, appellant was sentenced to two years in prison.  His

sentence was suspended for a period of two years upon certain conditions, including restitution in

the amount of $5,154.  He was placed on supervised probation for one year.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

A rule to show cause was later issued against appellant for a number of violations, including failure to pay restitution. A revocation hearing was held on June 27, 2011, after the one-year period of probation and after the two-year suspended sentence had expired. At the hearing, the trial court noted that it appeared appellant's period of suspension had expired. A probation officer advised the court that appellant's probation as to payment of restitution had been extended.

The probation officer then testified that on June 5, 2003, she had sent a letter to Judge Andrews, a judge of that court, requesting that appellant's probation be extended until such time that the restitution is paid in full. Judge Andrews granted the request by hand-writing "Granted, 6/10/03,[1] W.C. Andrews, Judge" in the bottom right-hand side of the probation officer's letter. Nothing in the record indicates appellant received notice of the probation officer's request or was afforded a hearing. The Commonwealth does not contest these facts.

At the June 27, 2011 revocation hearing, appellant objected to the trial court's consideration of the June 5, 2003 letter. He argued that the letter was not an order, that the court speaks only through its orders, and that therefore, appellant's period of probation had not been properly extended. Appellant moved to dismiss the show cause.

The Commonwealth, at the hearing, conceded the violations of the other conditions should be dismissed but contended probation had been properly extended for restitution. The trial court dismissed the violations of the other conditions but proceeded on the restitution.

Appellant further argued he had no prior notice of the probation officer's efforts to extend his probation, characterizing the letter as an *ex parte* action that did not provide appellant with notice or an opportunity for a hearing.

The probation officer testified he spoke with appellant on July 3, 2003, after the extension had been granted, told appellant that the extension had been granted, and said that probation would

---

[1] June 10, 2003 was within the time of appellant's one-year term of probation.

terminate when appellant paid the restitution in full. The probation officer testified that appellant indicated that he understood. Appellant's counsel then responded, "all [sic] right, thank you."

Appellant stipulated that restitution was paid down to $3,739. The Commonwealth's attorney then asked the court to issue a show cause against appellant with a return date of three to six months, reasoning that appellant was not on supervised probation and that the extension of probation was a "material change in his sentence without [appellant] being present." Essentially, the Commonwealth asked for the show cause hearing to begin anew to cure the lack of notice and hearing for the extension. Appellant did not object to that proposal. The trial court disagreed with the Commonwealth's suggestion.

Again, the Commonwealth expressed concern about the efficacy of Judge Andrews' granting the extension of appellant's probation. The Commonwealth explained that extending probation places the probationer in further jeopardy and thus it is incumbent that proper notice and a hearing be given.

The court continued the hearing to give appellant an opportunity to make restitution. Ultimately, on March 16, 2012, the court revoked appellant's two-year suspended sentence.

This appeal follows.

## ANALYSIS

On appeal, appellant contends the trial court erred in not dismissing the show cause, because the violation occurred beyond the probation period and beyond the two-year period of suspension.[2]

---

[2] We note in the record that appellant's probation, not the suspended sentence, was extended. However, the assignment of error only references the suspended sentence. It is clear that both at trial and on appeal, the period of probation was the focus of appellant's and the Commonwealth's arguments. Further, the Commonwealth makes no challenge to appellant's assignment of error. Finally, while we recognize there is a distinction between probation and a suspended sentence, our analysis of the case would have been the same whether probation or the suspended sentence was extended.

It is uncontested that appellant violated the terms of his suspended sentence and that the violation occurred beyond the original one-year term of probation.

The Commonwealth contends that appellant is barred by Rule 5A:18 because appellant did not object to but affirmatively agreed with the trial court's rulings. By affirmatively agreeing with the rulings, the Commonwealth argues that appellant invited error and that therefore, the "approbate and reprobate" doctrine bars appellant's argument.

Clearly, appellant moved to dismiss the show cause because he had no notice or opportunity to be heard. Both appellant and the Commonwealth argued this issue, and the trial court ruled on it, dismissing the show cause on all conditions except for restitution. Appellant further argued that he had no notice that his probation had been extended. The probation officer then testified that he had told appellant of the extension. Appellant's counsel responded, "All right, thank you." The Commonwealth contends because appellant did not renew his earlier objection about the letter and because he said "thank you," he consented to the court's ruling. When the trial court indicated it was proceeding with the revocation hearing, the Commonwealth argues that appellant, by not further objecting, waived earlier objections. However, if the Commonwealth is suggesting that civility constitutes a waiver of prior objections, we strongly disagree.

The Commonwealth further argues that appellant waived his objection when he did not renew his objection and consented to the Commonwealth's proposal for a continuance of three to six months so that a new show cause could be issued.

The Commonwealth's argument disregards Code § 8.01-384(A) which states in part:

> Formal exceptions to rulings or orders of the court shall be unnecessary; but for all purposes for which an exception has heretofore been necessary, it shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection shall not thereafter

- 4 -

prejudice him on motion for a new trial or on appeal. No party, after having made an objection or motion known to the court, shall be required to make such objection or motion again in order to preserve his right to appeal, challenge, or move for reconsideration of, a ruling, order, or action of the court.

Appellant clearly made his objection known to the trial court, and the Commonwealth expressed the same concern as to notice and a hearing. Despite the Commonwealth's assertion on appeal, appellant never agreed with the court's ruling. As appellant was not required to renew his motion under Code § 8.01-384(A), he clearly did not invite error. See Chawla v. BurgerBusters, Inc., 255 Va. 616, 623, 499 S.E.2d 829, 833 (1998), in which the Supreme Court of Virginia noted that as with the waiver of any legal right, the waiver noted in Code § 8.01-384(A) "will be implied only upon clear and unmistakable proof of the intention to waive such right for the essence of waiver is voluntary choice." The Supreme Court of Virginia later bolstered this principle in King v. Commonwealth, 264 Va. 576, 570 S.E.2d 863 (2002), holding:

> The same rationale applies to the circumstances of this case with equal, if not greater, force considering the gravity of applying an implied waiver in a criminal trial. The undeniable purpose of Code § 8.01-384(A) is to relieve counsel of the burden of making repeated further objections to each subsequent action of the trial court that applies or implements a prior ruling to which an objection has already been noted. In this regard, the statute and the contemporaneous objection rule contained in Rule 5A:18, applicable in the Court of Appeals, and in Rule 5:25, applicable in this Court, are entirely consistent.

Id. at 581, 570 S.E.2d at 865-66. The doctrine of approbate and reprobate bars a party from inviting error, or taking an inconsistent position from that he assumed in the trial court. See Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988); Clark v. Commonwealth, 220 Va. 201, 214, 257 S.E.2d 784, 792 (1979). Appellant did neither of those things, and so the doctrine does not apply.

Rule 5A:18 is equally inapplicable. The rule states this Court will not consider an argument on appeal "unless an objection was stated with reasonable certainty at the time of the ruling . . . ." It is unclear how appellant could have been more precise in his objection.

Appellant clearly argued that the extension of probation was improper. Once the trial court found otherwise, counsel was obligated to proceed with the revocation hearing, but he did not abandon his prior objection. See generally King, 264 Va. at 582, 570 S.E.2d at 866 (concluding that Rule 5A:18 and the invited error doctrine did not apply where "the record shows that a party clearly objected to a specific ruling of the trial court to which error is assigned on appeal, even if the party failed to object to instructions applying or implementing the trial court's prior ruling"). For the Commonwealth to argue this is a waiver of appellant's initial objection is puzzling.

We conclude that appellant properly preserved the issues before us, and as such, we will address them.

The defining issue is whether Judge Andrews' action extending the probation period was valid. A corollary issue is whether his writing "granted" on the probation officer's letter is a valid court order.[3]

Code § 19.2-306(A) provides, in part, that " [i]n any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." This statute specifies the periods in which the probation violations must occur in order for the court to validly revoke a suspended sentence. See Oliver v. Commonwealth, 38 Va. App. 845, 849, 568 S.E.2d 465, 467 (2002).

---

[3] Because we resolve the notice/hearing issue in appellant's favor, we need not address whether Judge Andrews "granting" the extension was a valid court order.

The Supreme Court of Virginia, in Cook v. Commonwealth, 211 Va. 290, 176 S.E.2d 815 (1970), opined that in order for a probation period to be extended, the "rationale of fundamental fairness requires a judicial hearing of a summary nature . . . since increasing the period of probation has the effect of extending the restraints on the probationer's liberty which are normally incident to his probation and extends the time period during which revocation may occur." Id. at 293, 176 S.E.2d at 817-18. The Supreme Court concluded that without such notice and an opportunity for the probationer to be heard, the trial court had no power to invoke its jurisdiction to revoke defendant's probation and suspended sentence.

Code § 19.2-304 provides:

> The court may subsequently increase or decrease the probation period and may revoke or modify any condition of probation, but only upon a hearing after reasonable notice to both the defendant and the attorney for the Commonwealth.

Clearly, the courts are vested with the power to increase the period of probation, but only upon reasonable notice to the defendant and the Commonwealth. The statutory language requiring notice was a 1975 amendment, adopted subsequent to the Cook decision, but clearly embodies the principles of Cook.

It is uncontested that appellant had no notice of the request to extend probation and was not given an opportunity to be heard on whether his probation should be extended. Thus, both Cook and Code § 19.2-304 mandate that we find the trial court erred in revoking appellant's suspended sentence. The extension of probation was invalid, and thus, the cause of the revocation occurred beyond the one-year probation and two-year suspended sentence.

## CONCLUSION

Because we have determined that appellant's probationary period had not been validly extended and therefore had expired at the time of the violation, we reverse the judgment of the trial court and dismiss the show cause.

Reversed and dismissed.