Present:  Hassell, C.J., Koontz, Kinser, Lemons, and Agee,
          JJ., and Carrico and Compton, S.JJ.

COMMONWEALTH OF VIRGINIA

                                        OPINION BY
v.  Record No. 041585          SENIOR JUSTICE HARRY L. CARRICO
                                       April 22, 2005
TARIK HASAN HUDGINS

               FROM THE COURT OF APPEALS OF VIRGINIA

     This case involves a claim of double jeopardy and the

sole question for decision is whether grand larceny from the

person is a lesser-included offense of robbery.  The question

arose from an incident occurring on October 1, 2000, when the

defendant, Tarik Hasan Hudgins, pushed eleven-year-old

Benjamin S. Brinkley (Benjamin) from his bicycle and took the

bicycle from him.

     An indictment returned by a grand jury charged that the

defendant "did rob [Benjamin] of U.S Currency or other

personal property, in violation of Code § 18.2-58."  In a

bench trial, the defendant was acquitted of robbery.  Ten days

later, a grand jury returned an indictment charging that the

defendant "did steal property having a value of five dollars

($5) or more from the person of [Benjamin], in violation of

Code § 18.2-95."

     The defendant moved to dismiss the second indictment on

the ground of former jeopardy because of his prior acquittal

of robbery involving the same bicycle.  Citing Graves v.

Commonwealth, 21 Va. App. 161, 462 S.E.2d 902 (1995), aff'd on

reh'g en banc, 22 Va. App. 262, 468 S.E.2d 710 (1996), the trial court denied the motion to dismiss, holding that grand larceny from the person is not a lesser-included offense of robbery and, therefore, that the defendant's acquittal of robbery was not a bar to his subsequent prosecution for grand larceny from the person.

In a bench trial, the court convicted the defendant of grand larceny from the person and sentenced him to serve ten years in the penitentiary, with nine years and six months suspended.  The defendant then appealed his conviction to the Court of Appeals.

Overruling its prior holding to the contrary in Graves, the Court of Appeals held that grand larceny from the person is a lesser-included offense of robbery and reversed the defendant's conviction on the ground it was barred by his earlier acquittal of robbery.  Hudgins v. Commonwealth, 43 Va. App. 219, 597 S.E.2d 221 (2004).  We awarded the Commonwealth this appeal.

The double jeopardy clauses of the United States and the Virginia constitutions (U.S. Const., amend. V, and Va. Const., art. I, § 8, respectively) embody three guarantees.  They protect against (1) a second prosecution for the same offense after acquittal, (2) a prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.

Blythe v. Commonwealth, 222 Va. 722, 725, 284 S.E.2d 796, 797 (1981) (citing North Carolina v. Pearce, 395 U.S. 711, 717 (1969), and Illinois v. Vitale, 447 U.S. 410, 415 (1980)).

Two offenses will be considered the same when (1) the two offenses are identical, (2) the former offense is lesser included in the subsequent offense, or (3) the subsequent offense is lesser included in the former offense. Martin v. Commonwealth, 221 Va. 720, 722, 273 S.E.2d 778, 780 (1981); see also Jones v. Commonwealth, 218 Va. 757, 759, 240 S.E.2d 658, 660, cert. denied, 435 U.S. 909, 439 U.S. 892 (1978).

The defendant relies on category (3) to support his claim that the principles of double jeopardy barred his prosecution for grand larceny from the person after his acquittal of robbery. The test for determining the efficacy of such a claim was enunciated by the Supreme Court of the United States in Blockburger v. United States, 284 U.S. 299 (1932). There, the court stated as follows:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

Id. at 304. "This test emphasizes the elements of the two crimes. 'If each requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the

3

crimes.' " Brown v. Ohio, 432 U.S. 161, 166 (1977) (quoting Iannelli v. United States, 420 U.S. 770, 785 n. 17 (1975)).

A later decision of the Supreme Court cast doubt upon the continued validity of Blockburger's "same elements" test for determining whether a double jeopardy violation has occurred. In Grady v. Corbin, 495 U.S. 508 (1990), the court established a "same conduct" test for making that determination. However, in United States v. Dixon, 509 U.S. 688 (1993), the court overruled the decision in Grady and reaffirmed the use of the "same elements" test as the appropriate test for making the determination. Id. at 712.

In applying the Blockburger test, the court considers the offenses charged in the abstract, without reference to the particular facts of the case under review. Coleman v. Commonwealth, 261 Va. 196, 200, 539 S.E.2d 732, 734 (2001); see also Schmuck v. United States, 489 U.S. 705, 716–17 (1989) (comparison of offenses appropriately performed by reference to statutory elements rather than conduct proved at trial). We are of opinion that, when viewed in the abstract, each offense at issue here requires proof of an element that the other does not and that, pursuant to the Blockburger test, there are two offenses rather than one.

Code § 18.2-58 prescribes the punishment for robbery but does not define the offense. Robbery is defined at the common

law as "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation."  Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 572-73 (1968).  (Emphasis added.)  Under Code § 18.2-95, "[a]ny person who . . . commits larceny from the person of another of money or other thing of value of $5 or more . . . shall be guilty of grand larceny."  (Emphasis added.)

Hence, proof of violence or intimidation is required in a prosecution for robbery but not for grand larceny from the person.  And proof of the value of the property stolen is required in a prosecution for grand larceny from the person but not for robbery.

The Court of Appeals indicated in its opinion, however, that the reference in Code § 18.2-95 to the value of the property stolen relates solely to "the degree of the potential punishment" for the offense of grand larceny from the person and, therefore, that value is not an element of the offense.  Hudgins, 43 Va. App. at 234, 597 S.E.2d at 228.  This was error.

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court noted that "[a]ny possible distinction between an 'element' of a felony offense and a 'sentencing factor' was unknown to the practice of criminal indictment, trial by jury,

5

and judgment by court . . . as it existed during the years surrounding our Nation's founding." Id. at 478. In a concurring opinion, Justice Thomas wrote:

> [A]uthority establishes that a "crime" includes every fact that is by law a basis for imposing or increasing punishment (in contrast with a fact that mitigates punishment). Thus, if the legislature defines some core crime and then provides for increasing the punishment of that crime upon a finding of some aggravating fact – of whatever sort, including the fact of a prior conviction – the core crime and the aggravating fact together constitute an aggravated crime, just as much as grand larceny is an aggravated form of petit larceny. The aggravating fact is an element of the aggravated crime.

Id. at 501 (Thomas, J., concurring) (emphasis added).

Later, in Sattazahn v. Pennsylvania, 537 U.S. 101 (2003), a case involving both an alleged denial of the Sixth Amendment right to a trial by a jury and the Fifth Amendment protection against double jeopardy, the court stated that its decision in Apprendi clarified what constitutes an "element" of an offense. "Put simply," the Court said, "if the existence of any fact (other than a prior conviction) increases the maximum punishment that may be imposed on a defendant, that fact – no matter how the State labels it – constitutes an element, and must be found by a jury beyond a reasonable doubt." Sattazahn, 537 U.S. at 111.[*] See also Carter v. United States,

---

[*] In Virginia, the punishment for grand larceny from the person of property having a value of $5.00 or more is substantially increased over the punishment for petit larceny. Grand larceny from the person is punished by a term of imprisonment not to exceed twenty years, Code § 18.2-95, while

530 U.S. 255, 272-73 (2000) (the valuation requirement in a statute describing an offense is an element of the offense, not a sentencing factor).

Virginia jurisprudence on the subject is the same. In Adams v. Commonwealth, 64 Va. (23 Gratt.) 949, 950 (1873), this Court said: "At common law, no rule of criminal pleadings was better established than that which required that in indictments for larceny the value of the property should be stated." And, in Robinson v. Commonwealth, 258 Va. 3, 5, 516 S.E.2d 475, 476 (1999), this Court said that the "specified amount [in a statute defining grand larceny] is an essential element of the offense, and the burden is upon the Commonwealth to establish that element by proof beyond a reasonable doubt." See also Knight v. Commonwealth, 225 Va. 85, 88, 300 S.E.2d 600, 601 (1983) (value of goods specified in grand larceny statute is an essential element of the crime); Wright v. Commonwealth, 196 Va. 132, 139, 82 S.E.2d 603, 607 (1954) (where value of thing stolen determines grade of offense, value must be alleged and proved).

The value of the property stolen is the "aggravating fact" that produces the increased punishment for the offense of grand larceny from the person. Hence, the theft here of

---

petit larceny is punished by a term of imprisonment not to exceed twelve months, Code § 18.2-96 (making petit larceny punishable as a Class 1 misdemeanor).

the bicycle of the value of $5.00 or more is the "aggravating fact" and an essential element of the offense.

We note that, in its opinion, the Court of Appeals based its conclusion that grand larceny from the person is a lesser-included offense of robbery in part upon a statement in Jones, supra, that "grand larceny is a lesser-included offense of robbery only when it is the theft expressly charged in the robbery indictment."  218 Va. at 759, 240 S.E.2d at 660.  As the Commonwealth points out, however, this statement was dicta because the larceny and robbery indictments in Jones were based upon the theft of different items of personal property. In any event, to the extent that Jones may be at odds with the conclusion reached here, it is expressly overruled.

Finally, we note an argument by the defendant that his acquittal of robbery impliedly acquitted him of grand larceny. However, this argument was not raised in the trial court and, hence, will not be considered here.  Rule 5:25.

For the reasons assigned, we will reverse the judgment of the Court of Appeals and enter final judgment here reinstating the defendant's conviction of grand larceny from the person.

Reversed and final judgment.