# *VIRGINIA:*

*In the Court of Appeals of Virginia on* **Tuesday** *the* **22nd** *day of* **March, 2016**.

Victoria Elizabeth Dufresne, Appellant,

against       Record No. 0281-15-2
              Circuit Court No. CR14-F-4184

Commonwealth of Virginia, Appellee.

Upon a Petition for Rehearing En Banc

Before the Full Court

On February 22, 2016 came the appellee, by the Attorney General of Virginia, and filed a petition requesting that the Court set aside the judgment rendered herein on February 9, 2016, and grant a rehearing *en banc* on the issue(s) raised in the petition.

On consideration whereof, the petition for rehearing *en banc* is granted with regard to the issue(s) raised therein, the mandate entered herein on February 9, 2016 is stayed pending the decision of the Court *en banc*, and the appeal is reinstated on the docket of this Court.

The parties shall file briefs in compliance with the schedule set forth in Rule 5A:35(b). The appellant shall attach as an addendum to the opening brief upon rehearing *en banc* a copy of the opinion previously rendered by the Court in this matter. An electronic version of each brief shall be filed with the Court and served on opposing counsel. In addition, twelve printed copies of each brief shall be filed. It is further ordered that the appellee shall file an electronic version and twelve additional copies of the appendix previously filed in this case.[1]

A Copy,

Teste:

Cynthia L. McCoy, Clerk

*original order signed by a deputy clerk of the*
By:   *Court of Appeals of Virginia at the direction*
      *of the Court*

Deputy Clerk

---

[1] The guidelines for filing electronic briefs and appendices can be found at www.courts.state.va.us/online/vaces/resources/guidelines.pdf.

UNPUBLISHED

Present:   Judges Petty, Beales and Senior Judge Frank
Argued at Richmond, Virginia


VICTORIA ELIZABETH DUFRESNE

                                              MEMORANDUM OPINION*
v.        Record No. 0281-15-2              JUDGE ROBERT P. FRANK
                                                FEBRUARY 9, 2016

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                          Gregory L. Rupe, Judge

            Dorian Dalton, Senior Assistant Public Defender, for appellant.

            Eugene Murphy, Senior Assistant Attorney General (Mark R.
            Herring, Attorney General, on brief), for appellee.


        Victoria Elizabeth Dufresne (appellant), after being indicted for robbery, in violation of

Code § 18.2-58, was convicted in a bench trial of grand larceny, in violation of Code § 18.2-95.

On appeal, she contends the trial court erred in denying her motion to set aside the verdict and in

finding her guilty of grand larceny, which she contends is not a lesser-included offense of

robbery.  For the reasons stated, we reverse the trial court.

                                    BACKGROUND

        Since our decision is based on the procedural aspects of this case and not the actual facts

of the offense, we limit our factual recitations to the procedural history of the case.

        Appellant was indicted and tried for robbery.  After the Commonwealth rested, appellant

moved to strike the evidence, maintaining the evidence failed to prove the taking of the victim's

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

property was accomplished by violence, intimidation, or threat. After appellant argued her motion, the following exchange occurred:

> The Court: What are you telling me she is guilty of?
>
> [Defense Counsel]: Larceny.
>
> The Court: Grand larceny?
>
> [Defense Counsel]: They prove value with the cash. So yes. I would say that they have met the burden for grand larceny.

Appellant concluded her renewed motion to strike by saying, "For those reasons, I'd ask for the charge to be dropped down to grand larceny." The trial court overruled appellant's motion but ultimately convicted appellant of grand larceny. Appellant's sentencing hearing was set for February 5, 2015.

On January 26, 2015, appellant filed a motion to set aside the verdict, arguing that grand larceny is not a lesser-included offense of robbery, and contending that she should be convicted only of petit larceny. The Commonwealth filed a response to appellant's motion stating that "[t]he Commonwealth concedes that defense counsel's motion would have merit -- except for the principle that defense counsel may not approbate and reprobate by inviting error and then seek reversal of the conviction based upon such invited error. Rowe v. Commonwealth, 277 Va. 495, 502-503 (2009)."

On February 5, 2015, after hearing argument on appellant's motion, the trial court denied the motion and sentenced appellant on the grand larceny charge.

## ANALYSIS

Appellant contends the trial court erred in reducing the robbery charge to grand larceny, instead of petit larceny, since grand larceny is not a lesser-included offense of robbery.[1] "This

---

[1] The Commonwealth, in its brief, does not address the merits of appellant's contention but argues only the concepts of "invited error" and "approbate and reprobate."

appeal presents a pure question of law to which we apply a *de novo* standard of review." <u>Conley v. Commonwealth</u>, 284 Va. 691, 693, 733 S.E.2d 927, 928 (2012).

Procedural Bar

We first address whether appellant is procedurally barred from asserting her argument.

It is uncontroverted that, at trial, appellant agreed that grand larceny was a proper offense for which she could be convicted. Nevertheless, while the trial court still had jurisdiction over the case,[2] appellant filed a motion to set aside the verdict, arguing that grand larceny was *not* a proper offense for which she could be convicted because it is not a lesser-included offense of robbery. Appellant now challenges on appeal the trial court's decision to deny her motion to set aside the verdict and to convict her of grand larceny.

Analytically, the contemporaneous objection rule embodied in Rule 5A:18 is instructive.

> The contemporaneous objection rule, embodied in Rule 5A:18 in the Court of Appeals and Rule 5:25 in this Court, is based on the principle that a litigant has the responsibility to afford a court the opportunity to consider and correct a perceived error before such error is brought to the appellate court for review. <u>Reid v. Baumgardner</u>, 217 Va. 769, 773, 232 S.E.2d 778, 781 (1977). The contemporaneous objection rules in each court exist "to protect the trial court from appeals based upon undisclosed grounds, to prevent the setting of traps on appeal, to enable the trial judge to rule intelligently, and to avoid unnecessary reversals and mistrials." <u>Reid v. Boyle</u>, 259 Va. 356, 372, 527 S.E.2d 137, 146 (2000) (quoting <u>Fisher v. Commonwealth</u>, 236 Va. 403, 414, 374 S.E.2d 46, 52 (1988)). These rules are not limited to evidentiary rulings and require objection while the tribunal is in a position to correct a claimed error. <u>Id.</u>; <u>Reid v. Baumgardner</u>, 217 Va. at 774, 232 S.E.2d at 781.

<u>Williams v. Gloucester Sheriff's Dep't</u>, 266 Va. 409, 411, 587 S.E.2d 546, 548 (2003).

---

[2] The Commonwealth does not contend the motion to set aside the verdict itself was untimely filed.

- 3 -

Clearly, the motion to set aside in this case afforded the trial court an opportunity "to consider and correct a perceived error"—that the court had convicted appellant of a crime that was neither charged nor a lesser-included offense of a charged crime—"before such error [was] brought to the appellate court for review." Appellant's assignment of error and her argument on appeal is the identical one contained in her motion to set aside. Although appellant erred in requesting the court to convict her of grand larceny, something the court could not legally do, she nevertheless brought the error to the court's attention while the court still had jurisdiction over the case and still had the opportunity to correct its error. Therefore, we conclude appellant is not barred from contending grand larceny is not a lesser-included offense of robbery.

Nevertheless, the Commonwealth argues the doctrines of "invited error" and "approbate/reprobate" bar appellant's contentions on appeal. It is well-settled Virginia law that

> [a] litigant is not allowed to "approbate and reprobate." Hurley v. Bennett, 163 Va. 241, 252, 176 S.E. 171, 175 (1934). This Court has stated that a party may not "in the course of the same litigation occupy inconsistent positions." Id.; see also Rowe v. Commonwealth, 277 Va. 495, 502, [675] S.E.2d [161, 164] (2009) (this day decided) (citing Cangiano v. LSH Bldg. Co., 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006) and Powell v. Commonwealth, 267 Va. 107, 144, 590 S.E.2d 537, 560 (2004)). It is improper for a litigant to invite error and take advantage of the situation created by her own wrong. Rowe, 277 Va. at 502, 675 S.E.2d at [164]; Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988).

> The prohibition against approbation and reprobation forces a litigant to elect a particular position, and confines a litigant to the position that she first adopted.

Matthews v. Matthews, 277 Va. 522, 528, 675 S.E.2d 157, 160 (2009).

The Commonwealth relied at trial on the Supreme Court's decision in Rowe as the focal point of its argument. In Rowe, 277 Va. at 500, 675 S.E.2d at 163, Rowe was initially convicted of attempted capital murder, despite his argument that felony assault and battery on a police

- 4 -

officer was a lesser-included offense of attempted capital murder. Upon conviction, Rowe filed a motion to reconsider, arguing *inter alia* that "if the trial court will consider the lesser-included offenses under the attempted capital murder of a police officer charge, [appellant] is not guilty of any lesser-included offenses . . . ." Rowe v. Commonwealth, 07 VAP UNP 3196061, Record No. 3196-06-1 (Aug. 14, 2007). Rowe filed a post-trial motion to reconsider, where he again urged the trial court to convict him of assault and battery on a police officer. The trial court vacated its finding of guilt on the attempted capital murder charge and convicted Rowe of assault and battery of a law enforcement officer, as he had requested. Rowe, 277 Va. at 500, 675 S.E.2d at 163. Rowe then petitioned this Court for appeal, arguing for the first time that he could not be convicted of assault and battery of a law enforcement officer because it was not a lesser-included offense of attempted capital murder. Rowe, 07 VAP UNP 3196061. This Court denied the petition for that assignment of error, concluding that "[b]ecause appellant never raised this issue at trial, Rule 5A:18 bars our consideration of this question on appeal." Id. The Supreme Court concluded it was "not necessary to specifically address the question of Rowe's compliance with Rules 5A:20(c) and 5A:18 because Rowe invited the very error of which he now complains. His approbation and reprobation is necessarily fatal to his lesser-included-offense argument." Rowe, 277 Va. at 501-02, 675 S.E.2d 164. The Court reasoned that defense counsel had invited the error by arguing for the lesser charge and maintaining that it was a lesser-included offense. See id. at 503-04, 675 S.E.2d at 164-65.

The Commonwealth's and the dissent's reliance on Rowe is misplaced. At no time while the trial court had jurisdiction did Rowe attempt to correct his initial position. Instead, he continued to argue his erroneous statement of the law in his motion to reconsider, i.e. that assault and battery of a police officer is a lesser-included offense of attempted capital murder. At no time did he give the trial court an opportunity to re-evaluate his earlier misstatement of the law.

At no time did Rowe contend to the trial court that his earlier position was incorrect. Rowe's invitation of error was never withdrawn nor abandoned. Thus, Rowe never gave the trial court the opportunity to correct its error.

The dissent's analysis gives no weight to appellant's motion to set aside the verdict, informing the trial court that she had abandoned her earlier position. On appeal, unlike in <u>Rowe</u>, appellant took the same position in her motion to set aside the verdict as she now takes on appeal. In sum, <u>Rowe</u> is distinguishable on its facts and does not support the dissent's analysis. To adopt the dissent's application of <u>Rowe</u> would mean that an attorney who acquiesces to a mistake of law during a trial would be forever bound by the error with no opportunity to correct it by bringing it to the trial court's attention. Such an interpretation simply cannot be correct.[3]

The Commonwealth further maintains the relief sought in the motion to set aside the verdict was untimely requested. The Commonwealth argues that the motion to set aside therefore should not be considered. As a result, appellant has not avoided the effect of the "approbate/reprobate" doctrine and is bound by her earlier concession that grand larceny was a charge upon which she properly could be convicted. The dissent adopts this position.

The Commonwealth cites <u>Creamer v. Commonwealth</u>, 64 Va. App. 185, 767 S.E.2d 226 (2015), which addresses the approbate-reprobate doctrine as well as the timeliness of a

---

[3] The dissent notes that appellant acquiesced without objection when the trial court accepted her theory and convicted her of grand larceny. We note that the Commonwealth failed to object to the court's decision to convict appellant of a crime that was neither charged nor a lesser-included offense. The trial court commented that appellant had "conceded" that she was guilty of grand larceny when she admitted the value of the property taken. However, "[a] party can concede the facts but cannot concede the law." <u>Cofield v. Nuckles</u>, 239 Va. 186, 194, 387 S.E.2d 493, 498 (1990). Thus, appellant could not "concede" that grand larceny was a lesser-included offense of robbery. The "judge is presumed to know the law and to apply it correctly in each case." <u>Groves v. Commonwealth</u>, 50 Va. App. 57, 62, 646 S.E.2d 28, 30 (2007) (quoting <u>Crest v. Commonwealth</u>, 40 Va. App. 165, 172 n.3, 578 S.E.2d 88, 91 n.3 (2003)). Where, as here, the trial court makes an error of law, the parties must have the opportunity to alert the court to the error at a time when the court can consider and correct it.

post-verdict proffer.  At trial, Creamer specifically stated "he would not object to the Commonwealth's request 'to prohibit [Davis] from testifying for impeachment of the Commonwealth's witnesses . . . ."  Id. at 203, 767 S.E.2d at 234.  However, post-trial, Creamer proffered that Davis would contradict certain pieces of the Commonwealth's case.  Id.  In this context, this Court held that Creamer approbated and reprobated, taking one position at trial and a contradictory position post-trial.  Id.

The dissent maintains that appellant was prohibited "from taking a new position of law that was inconsistent with and mutually contradictory to her position at trial."  (Emphasis and quotation marks omitted).  However, the motion to set aside the verdict *was* part of the trial phase.  As stated above, "approbate and reprobate" bars a party from occupying inconsistent positions or positions mutually contradictory.  The entire theory of approbate and reprobate is premised on a party "taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory."  Rowe, 277 Va. at 502, 675 S.E.2d at 164 (quoting Cangiano v. LSH Bldg. Co., 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006)).

Appellant here did not maintain two mutually exclusive positions because she abandoned her earlier position while still in the trial phase.  Appellant's position in both the trial court and on appeal has been consistently that there was insufficient evidence to convict her of robbery because the Commonwealth failed to prove the element of violence, intimidation, or threat of serious bodily harm.  Failure to prove this element of robbery converts the act into a larceny.  Thus approbate and reprobate and the cases cited by the Commonwealth have no application.  Appellant, through her motion to set aside, made it clear she objected to being convicted of grand larceny, despite her earlier position.  Thus, prior to sentencing, the trial judge had the opportunity to hear additional argument and change his decision on the issue if he was so inclined.  Unlike in

- 7 -

Rowe, where the defendant changed position during the course of litigation, appellant here kept the same position at the conclusion of the trial phase as she argues now on appeal.

At oral argument, the Commonwealth argued that Smith v. Massachusetts, 543 U.S. 462 (2005), precluded the trial court from reconsidering its verdict, thus barring appellant's motion to set aside the verdict. Smith is a double jeopardy case, involving the trial court's reconsideration of a not guilty finding, which essentially re-tried the defendant after he was acquitted. At the conclusion of the prosecution's case the trial court granted what was the equivalent of a motion to strike, finding Smith not guilty of a weapons charge. Id. at 465. During a recess before closing argument, the trial court was advised of additional legal precedent regarding the weapons charge. The trial court announced it was reversing the prior ruling, and allowed the weapons charge to go to the jury. Id. The jury then convicted Smith of that weapons charge. Id. at 466.

The issue before the United States Supreme Court was whether the trial court could reconsider and change its earlier acquittal without violating double jeopardy. Id. at 464. The Supreme Court found the acquittal was a final judgment and could not be changed. Id. at 473.

The instant case is quite different. A motion to vacate or set aside is premised on a judgment or verdict already rendered. To argue that such a motion must be made at the time of rendering the judgment or verdict was decided ignores the role of such motions. Clearly these motions seek post-verdict relief. In a criminal context, when the defendant asks for the trial court to reconsider the verdict, there are no double jeopardy issues. Smith does not eliminate such post-verdict motions. We thus conclude that Smith does not support the Commonwealth's argument.

The Commonwealth's reliance on Smith seems to be premised on the assumption that the trial court would not have acquitted appellant of robbery had it known at the time that grand larceny was not a lesser-included offense of robbery. Thus, the Commonwealth seems to

suggest, it would somehow be unfair for appellant to suggest that she could be convicted of grand larceny and then take advantage of that erroneous assertion by arguing later that she could only be convicted of petit larceny at a time when the trial court could not revisit its decision to acquit her of robbery. The problem with this argument is the faulty premise upon which it is based. Nothing in the record suggests that the trial court's decision to strike the evidence of robbery was based on anything other than the Commonwealth's failure to prove the necessary element of a taking by violence. The Commonwealth's argument that the trial court was engaging in some sort of judicial grace is simply unfounded.

The dissent claims appellant invited error "and then attempt[ed] to take advantage of the situation created by [her] own wrong." Rowe, 277 Va. at 502, 675 S.E.2d at 164 (quoting Cangiano, 271 Va. at 181, 623 S.E.2d at 895), and thus manufactured a scenario in which the trial court was unable to convict her of the very offense which appellant asked the Court to convict her. Again, this contention fails to consider that the motion to set aside gave the trial court an opportunity to reconsider its earlier ruling. It is clear from the record that the trial court was fully briefed and that the issue was fully argued. The trial court did not rely on appellant's concession during the guilt phase of the trial. There was no mischief but instead a full airing of appellant's later position.

By filing the motion to set aside the verdict, appellant timely made her position clear that grand larceny is not a lesser-included offense of robbery. A challenge to the sufficiency of the evidence may be made by a motion to set aside the verdict. See Howard v. Commonwealth, 21 Va. App. 473, 478, 465 S.E.2d 142, 144 (1995). We conclude that appellant timely made her objection known to the trial court by her motion to set aside the verdict and that the motion preserved appellant's contention for consideration on appeal.

"While the doctrine of invited error remains good law, it simply has no application where, as here, the record shows that a party clearly objected to a specific ruling of the trial court to which error is assigned on appeal . . . ." King v. Commonwealth, 264 Va. 576, 582, 570 S.E.2d 863, 866 (2002). Therefore, we conclude that appellant is not procedurally barred from raising on appeal the trial court's error in convicting her of grand larceny.

### Lesser-Included Offense

> The Due Process Clauses of the Constitution of the United States and the Constitution of Virginia mandate that an accused be given proper notification of the charges against him. U.S. Const. amend. XIV; Va. Const. art. 1, § 8. Code § 19.2-220 provides, in pertinent part, that an indictment shall be "a plain, concise and definite written statement, (1) naming the accused, (2) describing the offense charged, (3) identifying the county, city or town in which the accused committed the offense, and (4) reciting that the accused committed the offense on or about a certain date." An indictment, to be sufficient, must give an accused notice of the nature and character of the charged offense so the accused can make his defense. Satcher v. Commonwealth, 244 Va. 220, 231, 421 S.E.2d 821, 828 (1992), cert. denied, 507 U.S. 933 (1993).

> It is firmly established, therefore, that an accused cannot be convicted of a crime that has not been charged, unless the crime is a lesser-included offense of the crime charged. . . .

> An offense is not a lesser-included offense of a charged offense unless all its elements are included in the offense charged. Stated differently, an offense is not a lesser-included offense if it contains an element that the charged offense does not contain.

Commonwealth v. Dalton, 259 Va. 249, 253, 524 S.E.2d 860, 862 (2000). Thus, our inquiry is whether all the elements of grand larceny are included in robbery. We conclude that they are not.

Robbery is a common law crime in Virginia. It is defined as "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." Durham v. Commonwealth, 214 Va. 166, 168, 198 S.E.2d 603, 605-06 (1973) (quoting Jones v. Commonwealth, 172 Va. 615, 618, 1 S.E.2d 300, 301 (1939)).

Larceny, a common law crime, is defined as the unlawful taking of another's property without his permission and with the intent to permanently deprive the owner of that property. See Tarpley v. Commonwealth, 261 Va. 251, 256, 542 S.E.2d 761, 763 (2001). Simple larceny is raised to grand larceny if the value of the stolen property is $200 or more. See Code § 18.2-95. That value is an essential element of grand larceny. Britt v. Commonwealth, 276 Va. 569, 573, 667 S.E.2d 763, 765 (2008). Unlike grand larceny, robbery has no value element.[4]

This Court's decision in Graves v. Commonwealth, 21 Va. App. 161, 462 S.E.2d 902 (1995), aff'd on reh'g en banc, 22 Va. App. 262, 468 S.E.2d 710 (1996), is instructive. There, we held larceny from the person is not a lesser-included offense of robbery. Id. at 166, 462 S.E.2d at 904. "While the definition of robbery includes, as an element, the theft of property, it does not include, as elements, either the value of the property taken or that the property be taken from the person of the victim." Id. at 164, 462 S.E.2d at 903.

Similarly, a conviction of grand larceny requires proof that the stolen property had a value of $200 or more, but robbery does not. We see no principled reason why Graves does not control our analysis in the present case.

Appellant further contends the trial court should have reduced grand larceny to petit larceny because the latter is a lesser-included offense of robbery.[5] She cites Jones v. Commonwealth, 218 Va. 757, 759-60, 240 S.E.2d 658, 660 (1978), for the proposition that

---

[4] In affirming a robbery conviction, the Virginia Supreme Court found that the defendant's "taking of the victim's shirt and sweater, by violence and against his will, is in itself sufficient to constitute a robbery. These items are presumed to have some value, and no particular value need be shown." Simpson v. Commonwealth, 227 Va. 557, 567, 318 S.E.2d 386, 392 (1984).

[5] At oral argument, the Commonwealth conceded petit larceny is a lesser-included offense of robbery. While we are not bound by a party's concessions of law, see Copeland v. Commonwealth, 52 Va. App. 529, 532, 664 S.E.2d 528, 530 (2008), we nevertheless agree with the Commonwealth's concession.

> [d]efinitionally, theft is an essential component of robbery and charged as such in every robbery indictment. Manifestly, a robbery indictment includes all elements of whatever larceny offense it charges, whether grand or petit, and the larceny offense charged is, therefore, lesser-included in robbery.

The Supreme Court of Virginia revisited Jones in Commonwealth v. Hudgins, 269 Va. 602, 611 S.E.2d 362 (2005). In that case, the Court concluded that robbery and grand larceny from the person are not the same offense for double jeopardy purposes. Id. at 608, 611 S.E.2d at 366. The Court focused upon elements of the offenses of robbery and grand larceny from the person, not upon whether, as stated in Jones, "the theft [had been] expressly charged in the . . . indictment." Jones, 218 Va. at 759, 240 S.E.2d at 660. The Court in Hudgins concluded that "to the extent that Jones may be at odds with the conclusion reached here, it is expressly overruled." Hudgins, 269 Va. at 698, 611 S.E.2d at 366.

Nonetheless, Jones remains valid authority that petit larceny is an essential element of robbery. The core of a robbery offense is an unlawful taking, as in petit larceny. Every commission of robbery is also a petit larceny. See Bazemore v. Commonwealth, 210 Va. 351, 353, 170 S.E.2d 774, 776 (1969) (observing "larceny is an offense included in a charge of robbery"); Clay v. Commonwealth, 30 Va. App. 254, 260, 516 S.E.2d 684, 686 (1999) (*en banc*) (stating "[l]arceny is a lesser-included offense of robbery"). Because all of the elements of petit larceny are contained in robbery, petit larceny is a lesser-included offense of robbery.

## CONCLUSION

Therefore, we reverse appellant's conviction of grand larceny and remand to the trial court for further proceedings for petit larceny, if the Commonwealth be so advised. See Graves, 21 Va. App. at 167, 462 S.E.2d at 905.

Reversed and remanded.

- 12 -

Beales, J., dissenting.

I respectfully dissent. The majority concludes that the trial court committed reversible error when it was unwilling to vacate appellant's conviction for grand larceny. Because appellant's trial counsel directly asked the trial court to convict appellant of grand larceny, I would apply the doctrine of invited error to the specific facts of this case.

The Supreme Court's decision in Rowe v. Commonwealth, 277 Va. 495, 675 S.E.2d 161 (2009), is highly instructive here. In that case, the Supreme Court held that "[a] party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory. Nor may a party invite error and then attempt to take advantage of the situation created by his own wrong." Id. at 502, 675 S.E.2d at 164 (quoting Cangiano v. LSH Bldg. Co., 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006)). The plain language of Rowe makes clear that it is a prohibition of two types of conduct. First, a party is not allowed to *invite* a trial court to make an error of law and then seek to obtain a benefit created by that wrong. Second, a party is not allowed to take inconsistent or mutually contradictory positions of law "in the course of litigation." Id. Because appellant has violated both prohibitions of Rowe, I would affirm the trial court.

## APPELLANT INVITED THE TRIAL COURT TO MAKE AN ERROR OF LAW

This case involves a defendant who was indicted for robbery and who then during the trial asked the court to convict her of grand larceny for taking money and prescription pills valued at well over $200 from her quadriplegic friend. The victim was confined to a wheelchair or to bed because of his paralysis below his neck, and, therefore, was physically unable to stop appellant in any way. There can be no question that appellant invited the trial judge to come to the erroneous conclusion that the trial court should find appellant guilty of grand larceny. At trial, when asked by the trial court whether appellant was guilty of "grand larceny, grand larceny from the person, or

is it robbery," appellant's counsel responded, "The argument would be larceny." When then asked by the trial court if appellant was guilty of grand larceny, appellant's counsel responded, "They prove value with the cash. So yes. I would say that they have met the burden for grand larceny." These statements were in response to questions from the trial judge, and the majority says that trial counsel was simply "acquiescing" in or "conceding" these points of law. I do not quarrel with this assessment and would not base my conclusion that trial counsel invited error solely on these statements in response to the court.

However, at the end of the trial in a renewed motion to strike the evidence, appellant's trial counsel then *directly asked* the court to convict his client of grand larceny – stating, "I'd ask for the charge to be dropped down to grand larceny." This statement by appellant's counsel is a clear invitation to the trial court to make an error of law[6] by finding appellant guilty of a crime that was not a lesser-included offense of the crime originally charged in the indictment – robbery. This direct request to the court to take this action is very different than – and significantly more serious from – failing to object to what the trial court ruled or in acquiescing in or conceding a point in response to questions from the court. In fact, the record demonstrates that trial counsel was so pleased that the trial court granted his request to find the defendant guilty of grand larceny that he told the court, "[W]e would be willing to waive presentence report and do sentencing today."

---

[6] During the renewed motion to strike, counsel for appellant's final substantive statement to the trial court was a direct request to find appellant guilty of grand larceny. Because appellant knew at that time that she was not indicted for grand larceny and because appellant asked the court to convict her of grand larceny, instead of robbery (for which she was indicted), it was incumbent on appellant to ensure that the conviction she requested was proper under Virginia law. Thus, appellant invited the erroneous conviction below.

- 14 -

<u>IN HER MOTION TO SET ASIDE THE VERDICT AND ON APPEAL, APPELLANT SEEKS
TO TAKE ADVANTAGE OF THE SITUATION CREATED BY HER INVITED ERROR</u>

While actual prejudice – either to the opposing party or to the trial court – has never been a requirement of the invited error doctrine,[7] <u>Rowe</u> does prohibit a party from attempting "to take advantage of the situation created by his own wrong." <u>Id.</u> at 502, 675 S.E.2d at 164. In her motion to set aside the verdict, appellant argued that the trial court must vacate its prior ruling and find appellant guilty of petit larceny – a misdemeanor. Specifically, appellant argued that she could not be convicted of robbery because the Commonwealth failed "to prove beyond a reasonable doubt that the taking of property was accomplished through violence, force, or intimidation." In addition, appellant argued that she could not be convicted of grand larceny because "[g]rand larceny is not a lesser included offense to the original charge of robbery that the Defendant stood accused of." The record reflects that the trial court convicted appellant of grand larceny *after* appellant asked the court to make that very finding. Appellant later argued that she may now only be convicted of the misdemeanor of petit larceny. This scenario is what the Supreme Court in <u>Rowe</u> seemingly wished to avoid. While it is not clear from the record whether appellant's actions were done in good faith or bad faith, Supreme Court precedent from its decision in <u>Rowe</u> prohibited appellant from seeking to take advantage of the wrong decision

---

[7] The majority opinion rejects an argument advanced by the Commonwealth that the trial judge engaged in "some sort of judicial grace" when it convicted appellant of grand larceny instead of robbery. The majority states that "[n]othing in the record suggests that the trial court's decision to strike the evidence of robbery was based on anything other than the Commonwealth's failure to prove the necessary element of a taking by violence." However, it is entirely speculative to know with any certainty what would have happened below if appellant's counsel had not directly asked the court to convict her of grand larceny. Thus, despite the majority's and the Commonwealth's assertions to the contrary, it is simply not possible to know what the trial court would have concluded if appellant had not invited the error below.

she invited. For these reasons, I cannot join the majority's opinion – and also believe that it may well encourage mischief in future cases, even if no mischief was intended by trial counsel here.[8]

## APPELLANT HAS APPROBATED AND REPROBATED BY TAKING MUTUALLY CONTRADICTORY POSITIONS OF LAW "IN THE COURSE OF LITIGATION"

In addition, appellant has approbated and reprobated by taking successive positions "in the course of litigation" that are mutually contradictory, which Rowe prohibits at any point *in the course of litigation* – whether still in the trial court or on appeal. Appellant's *request* at trial for the trial court to find her guilty of grand larceny represents appellant's first position on the issue. At the motion to set aside the judgment and now again on appeal, appellant has adopted a second position of law – that a conviction for grand larceny would be inappropriate because it was not a lesser-included offense of the charge under which appellant was indicted. These two positions of law are mutually exclusive and contradictory. Thus, the invited error doctrine bars appellant from challenging her conviction for grand larceny, as appellant's approbation and reprobation waived any objection to such error below when she specifically *invited* the erroneous decision about which she later complains – and then at the hearing on the motion to set aside the verdict told the trial judge that "we never made a request to have her found guilty of grand larceny."

## THE MAJORITY OPINION'S FOCUS ON THE TIMELINESS OF APPELLANT'S MOTION IN THE TRIAL COURT DOES NOT RECOGNIZE THE FACT THAT APPELLANT HAS NEVERTHELESS VIOLATED THE BASIC PROHIBITIONS SET FORTH IN *ROWE*

The majority opinion concludes, "By filing the motion to set aside the verdict, appellant timely made her position clear that grand larceny is not a lesser-included offense of robbery."

---

[8] Interestingly, at the hearing on the motion to set aside the verdict, appellant's trial counsel argued to the trial court, "If the Court will recall, we never made a request to have her found guilty of grand larceny. We just kept using the term larceny." Counsel goes on to state that the defense "never specifically brought out in the argument to have this found grand larceny." At trial, however, as noted throughout this dissent, trial counsel specifically stated, "I'd ask for the charge to be dropped down to grand larceny" during counsel's renewed motion to strike the evidence, which was his last substantive statement to the trial court before the trial judge ruled, finding appellant guilty of grand larceny.

This conclusion ignores the fact that appellant – in her motion to set aside the verdict – approbated and reprobated by challenging the appropriateness of a conviction she directly requested. In Rowe, a case that involved similar facts to the present case, the Supreme Court held that defense counsel invited error when he urged the trial court to find his client guilty of assault and battery of a law enforcement officer because that charge is not a lesser-included offense of the indicted offense of attempted capital murder. In the present case, the trial court's adoption of an invalid legal theory that appellant herself requested was also invited error.

To conclude, as the majority does, that a party may seek to correct or "undo" in a post-trial motion an error she has actually invited ignores the conclusion of the Supreme Court in Rowe that "[a] party may not approbate and reprobate by taking successive positions *in the course of litigation* that are either inconsistent with each other or mutually contradictory." Id. at 502, 675 S.E.2d at 164 (emphasis added). While the majority opinion is certainly correct that appellant timely filed her motion to set aside the verdict, the Supreme Court's decision in Rowe still prohibited appellant from taking *a new position of law* that was "inconsistent" with and "mutually contradictory" to her previously adopted position. Id. See also Matthews v. Matthews, 277 Va. 522, 528, 675 S.E.2d 157, 160 (2009) ("The prohibition against approbation and reprobation forces a litigant to elect a particular position, and confines a litigant to the position that she first adopted."). While trial counsel may have changed his position while the matter was still in the bosom of the trial court, he did so nearly two months after he directly requested the trial court to convict his client of grand larceny. The trial court – to whom the Commonwealth vigorously argued invited error at the hearing on the motion to set aside the verdict – denied the motion and was in a better position to assess motives than we can from a cold record on appeal. For all those reasons, I must conclude that appellant's adoption of a mutually contradictory position of law at the post-trial motion hearing, which was still "in the

- 17 -

course of litigation," foreclosed her ability to challenge her grand larceny conviction on such grounds.

*KING* AND *CREAMER* SUPPORT THE APPLICATION
OF THE INVITED ERROR DOCTRINE

The majority opinion relies on King v. Commonwealth, 264 Va. 576, 570 S.E.2d 863 (2002), to conclude that the invited error doctrine does not apply in a situation where a litigant has given the trial court "the opportunity to hear additional argument and change his decision on the issue." The majority's reliance on King is misplaced, as King did not involve invited error, which the Supreme Court makes clear. The actual issue in King was whether the defendant's initial objection at the motion to strike on the charge of firing into an occupied dwelling was sufficient to preserve his assigned error on appeal when he later failed to object to a jury instruction on that same point of law. Id. at 580-81, 570 S.E.2d at 865. The Court concluded, "The undeniable purpose of [this section] is to relieve counsel of the burden of making repeated further objections to each subsequent action of the trial court that applies or implements a prior ruling to which an objection has already been noted." Id. at 581, 570 S.E.2d at 866. Thus, unlike in the present case, there was no invited error in King. In fact, the Supreme Court only mentions invited error one time in its opinion to respond to an argument advanced by the Commonwealth that defense counsel's failure to object later to a jury instruction on that same issue of law was an invitation to the court to make additional error. Id. at 581-82, 570 S.E.2d at 866. The Supreme Court rejected the argument that counsel needs to continue to make objections after having already clearly raised his objection with the court. Because the Supreme Court in King dealt with not having to make repeated objections (and not with the actual question of invited error that is before us here), it is incorrect to rely on that case to avoid the application of the invited error doctrine. The Supreme Court's decision in Rowe, which followed King, makes clear that invited error in a case like this one should result in affirmance.

- 18 -

The majority opinion also fails to actually distinguish Creamer v. Commonwealth, 64 Va. App. 185, 767 S.E.2d 226 (2015), a case in which this Court applied the invited error doctrine, even though appellant raised the issue to the trial court. The issue in Creamer that is relevant to the invited error doctrine was the defendant's post-trial proffer that the defense witness Richard Davis could have given testimony contradicting the testimony of Edward Moore, a witness for the Commonwealth at trial. In response to Creamer's argument on this issue, this Court concluded that Creamer was barred from raising that issue on appeal. This Court stated:

> Finally, to the extent appellant proffered post-trial that Davis could have given testimony "contradicting Moore's testimony at trial" that he had returned to the home often during the lease period, *appellant may not challenge that point on appeal*. Appellant specifically stated at trial that he would not object to the Commonwealth's request "to prohibit [Davis] from testifying for impeachment of the Commonwealth's witnesses, whose testimony [Davis] heard [while he was still a defendant]."

Id. at 203, 767 S.E.2d at 234 (emphasis added). This Court concluded that Creamer could not "approbate and reprobate by taking successive positions in the course of litigation," having already stated at trial that he would not object to the Commonwealth's request to prohibit Davis from testifying for impeachment of the Commonwealth's witnesses. Id. In both this case and in Creamer, the defendant took one position at trial and *a second, inconsistent position at a post-trial hearing and on appeal*. Finding the Supreme Court's decision in Rowe highly instructive and relying on this Court's treatment of invited error in Creamer, I must conclude that appellant's inconsistent positions regarding the grand larceny charge also warrant the application of the invited error doctrine, even though – like the appellant in Creamer – she raised the issue to the trial court in a post-trial motion.

- 19 -

CONCLUSION

In summary, appellant invited the very error about which she later complains. In the post-trial motion and on appeal, appellant has continued to attempt to take advantage of the situation created by her own request at trial that the charge "be dropped down to grand larceny" by asking nearly two months later for her felony grand larceny conviction to be reduced to a misdemeanor conviction of petit larceny. Appellant takes two inconsistent positions of law over the course of the litigation that are mutually contradictory, and, therefore appellant has approbated and reprobated in a manner prohibited by the Supreme Court in Rowe and by this Court in Creamer. Therefore, I would apply the invited error doctrine, deny appellant's request to reverse on appeal, and affirm the trial court. For these reasons, I respectfully dissent.