COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Senior Judges Annunziata, Clements and Petty

SHANA CHRISTINE WINBORNE

v.      Record No. 0715-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
DECEMBER 29, 2022

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Jerrauld C. Jones, Judge

(Lenita J. Ellis, on brief), for appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Aaron J. Campbell, Assistant Attorney General, on brief), for appellee.

Counsel for Shana Christine Winborne has moved for leave to withdraw. The motion to withdraw is accompanied by a brief referring to the part of the record that might arguably support this appeal. A copy of that brief has been furnished to Winborne with sufficient time for her to raise any matter that she chooses. On appeal, Winborne, by counsel, argues that the trial court abused its discretion in imposing an active sentence of 17 years of imprisonment. She also appears to argue, *pro se*, that the proceedings violated her right to be free from double jeopardy. We have reviewed the parties' pleadings, fully examined the proceedings, and determined that this appeal is wholly frivolous and the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"On appeal, we view the record in the light most favorable to the Commonwealth because it was the prevailing party below." *Delp v. Commonwealth*, 72 Va. App. 227, 230 (2020).

Upon an indictment for first-degree murder, Winborne entered a guilty plea to second-degree murder of her husband.[1] The victim died from a single stab wound to the chest. The plea agreement provided that Winborne's active sentence would not exceed the greater of 22 years or the high end of the sentencing guidelines. At sentencing, Winborne asked the trial court to consider her history of mental health issues, her acceptance of responsibility for her actions, and remorse. The trial court sentenced Winborne to 25 years with eight years suspended.[2]

ANALYSIS

Winborne argues that the trial court erred in imposing an active sentence of 17 years. "We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)).

The sentence the trial court imposed was within the range set by the legislature. *See* Code § 18.2-32. It was within the trial court's purview to consider any mitigating circumstances, such as Winborne's history of mental health issues and remorse for her actions. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "Criminal sentencing decisions are among the most

---

[1] Several months before her guilty plea, the trial court granted the Commonwealth's motion to nolle prosequi an additional charge of second-degree murder against Winborne.

[2] The high end of the sentencing guidelines was 25 years.

difficult judgment calls trial judges face." *Minh Duy Du*, 292 Va. at 563. "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.* Accordingly, the trial court did not abuse its discretion in imposing Winborne's sentence.

In her *pro se* pleading, Winborne asserts that she was twice charged with malicious wounding, the charge was nolle prosequied twice, and, as a result, her double jeopardy rights were violated.[3] The double jeopardy clause protects against "(1) a second prosecution for the same offense after acquittal, (2) a prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *Commonwealth v. Hudgins*, 269 Va. 602, 604-05 (2005). The record in this appeal contains no indication that criminal proceedings against Winborne violated any of these protections. Accordingly, Winborne's double jeopardy claim is without merit.

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment and grant the motion for leave to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). This Court's records shall reflect that Shana Christine Winborne is now proceeding without the assistance of counsel in this matter and is representing herself on any further proceedings or appeal.

*Affirmed*.

---

[3] We note the record in the current appeal does not include the proceeding against Winborne for malicious wounding, which apparently arose from a previous stabbing incident against her husband.