COURT OF APPEALS OF VIRGINIA

Present:   Judges O'Brien, Fulton and Callins
Argued at Richmond, Virginia


ERIK SMITH ALLEN

v.      Record No. 1014-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE JUNIUS P. FULTON, III
JANUARY 9, 2024

FROM THE CIRCUIT COURT OF HENRICO COUNTY
L.A. Harris, Jr., Judge

John W. Parsons for appellant.

Victoria Johnson, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Following a jury trial, the Circuit Court of Henrico County convicted Erik Smith Allen of

malicious wounding, in violation of Code § 18.2-51.  On appeal, he challenges the sufficiency of

the evidence supporting his conviction and argues that the conviction violates his Fifth

Amendment protection against double jeopardy.  For the foregoing reasons, we affirm.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).  This

standard requires us to "discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and

all fair inferences to be drawn [from that evidence]." *Bagley v. Commonwealth*, 73 Va. App. 1,

_____

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

26 (2021) (alteration in original) (quoting *Cooper v. Commonwealth*, 54 Va. App. 558, 562 (2009)).

Read in the light most favorable to the Commonwealth, the evidence presented at trial demonstrated the following. Allen lived with his stepmother, Cynthia Seay, from September 2020 until December 2020. Seay drafted an agreement requiring Allen to pay $300 per month in rent beginning in January 2021. According to Seay, Allen signed the agreement without discussion or argument though she was unable to locate the agreement to bring to trial.

One day, when Seay and Allen were sitting on the living room sofa, Allen "punched [Seay] in the face." He did not say anything, but Seay believed he was unhappy about the rent terms. Seay's "teeth went through [her] gum," and she tasted blood. She went to the bathroom to check her teeth and called her mother and daughter. Seay's mother testified that Seay called her "crying and said she was bleeding" because Allen "hit her in the head with a . . . sledgehammer or some kind of hammer." Seay's daughter testified that she heard Allen yelling in the background and that Seay told her daughter that Allen hit her. Seay's mother and daughter both advised Seay to leave the house.

While Seay attempted to leave, Allen tried to grab the phone and Seay screamed. Allen grabbed an axe handle[1] that Seay kept for protection and hit her "five to seven times" while she tried to protect herself with her arm and "hit [her] in the head several times." Seay's daughter heard "a rustling like somebody dropped the phone scuffling and [she] hear[d her] mom scream. The scream was so bad . . . it's a horror scream." Seay's daughter tried to call Seay back but did not receive an answer. The Commonwealth submitted photographs of the inside of the house showing blood on the floor and front doorknob. Seay ultimately escaped and went to her neighbor's house. Her neighbor testified that "the whole side of [Seay's] face was just covered

---

[1] The police recovered the axe handle but did not test it for DNA or blood residue.

with blood" and Seay was "[k]ind of woozy." Seay told her neighbor that Allen had struck her in the head. Seay's neighbor photographed Seay's bloodied head.

Seay was treated at the hospital. A forensic nurse examiner testified that Seay had swelling in her right arm, dried and clotted blood on the right side of her face, a contusion or bruise on her lower lip, a hematoma on her upper lip, a contusion or bruise underneath her chin, and "a full thickness laceration on the top of the head." She required stitches. The Commonwealth submitted photographs of her injuries.

When Allen's counsel asked Seay why her medical records showed that she had a blood alcohol level of 0.2011 that night, she denied consuming any alcohol. In response to a similar question, the forensic nurse examiner testified that he was unaware of alcohol in Seay's system. Seay's daughter testified that Seay did not sound intoxicated on the phone. The record contains no medical records documenting Seay's blood alcohol level. There were empty bottles of Fireball whiskey in the trashcan near the washing machine. Seay testified that Allen had been drinking.

Allen submitted medical records documenting that he had been in a severe motorcycle accident in December 2018. Seay was aware that Allen was "somewhat disabled" as a result of that accident, had suffered a traumatic brain injury, was permanently paralyzed in his left arm, and had his neck fused with braces and screws. She maintained that he had no difficulty striking her with the axe handle.

Allen moved to dismiss the case on double jeopardy grounds at the conclusion of the Commonwealth's case-in-chief. He proffered that he was previously convicted of assault and battery of a family member in the juvenile and domestic relations district court regarding the same incident, which he argued was a lesser-included offense of malicious wounding. The Commonwealth responded that the assault conviction was based on Allen punching Seay while

the malicious wounding conviction was based on him attacking her with the axe handle. The trial court took the motion under advisement. Allen renewed the motion after presenting evidence, and the trial court again took it under advisement. The jury convicted Allen of malicious wounding.

Allen briefed the issue and "[a]cknowledg[ed] that Domestic Assault & Battery is not a lesser included offense of Malicious Wounding" because "Malicious Wounding does not require proof [of] a family relationship for a conviction." Nevertheless, he also asserted on brief that domestic assault and battery was a lesser-included offense of malicious wounding. The trial court found that Allen committed two distinct acts separated by a period of time and that assault and battery of a family member was not a lesser-included offense of malicious wounding. Accordingly, the trial court denied Allen's motion to dismiss. The trial court sentenced him to 20 years' imprisonment with 11 years suspended. Allen appeals.

ANALYSIS

I. Double Jeopardy

Allen argues that his conviction for malicious wounding violates the Double Jeopardy Clause of the Fifth Amendment because he was previously convicted of assault and battery of a family member regarding the same incident. The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "Whether there has been a double jeopardy violation presents a question of law requiring a *de novo* review." *Hall v. Commonwealth*, 69 Va. App. 437, 444 (2018) (quoting *Fullwood v. Commonwealth*, 279 Va. 531, 539 (2010)). We review issues of statutory interpretation de novo. *Botkin v. Commonwealth*, 296 Va. 309, 314 (2018).

"Two offenses will be considered the same when (1) the two offenses are identical, (2) the former offense is lesser included in the subsequent offense, or (3) the subsequent offense is

lesser included in the former offense." *Sandoval v. Commonwealth*, 64 Va. App. 398, 413 (2015) (quoting *Commonwealth v. Hudgins*, 269 Va. 602, 605 (2005)). "When 'the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each [offense charged] requires proof of an additional fact which the other does not.'" *Id.* (alteration in original) (quoting *Coleman v. Commonwealth*, 261 Va. 196, 200 (2001)). This test is commonly referred to as the *Blockburger* test, after *Blockburger v. United States*, 284 U.S. 299 (1932).

A defendant is guilty of malicious wounding when he "maliciously shoot[s], stab[s], cut[s], or wound[s] any person or by any means cause[s] [her] bodily injury, with the intent to maim, disfigure, disable, or kill." Code § 18.2-51. Assault and battery are common law crimes; to prove battery, "the Commonwealth must prove a 'wil[l]ful or unlawful touching' of another." *Kelley v. Commonwealth*, 69 Va. App. 617, 625 (2019) (alteration in original) (quoting *Parish v. Commonwealth*, 56 Va. App. 324, 330 (2010)). To prove an assault, the Commonwealth must show that the defendant engaged in an overt act that was either (1) "intended to inflict bodily harm with the present ability to inflict such harm" or (2) "'intended to place the victim in fear or apprehension of bodily harm,' which did in fact create 'such reasonable fear or apprehension in the victim.'" *Blankenship v. Commonwealth*, 71 Va. App. 608, 620 (2020) (quoting *Clark v. Commonwealth*, 54 Va. App. 120, 128 (2009) (en banc)). Because one cannot commit malicious wounding without also committing assault and battery, our Supreme Court has recognized assault and battery as a lesser-included offense of malicious wounding. *Commonwealth v. Vaughn*, 263 Va. 31, 35 (2002).

Allen was convicted in the juvenile and domestic relations district court of assault and battery against a family or household member, in violation of Code § 18.2-57.2, rather than generic assault and battery under Code § 18.2-57. The question then is whether "against a family

or household member" is a separate element such that the offense is not lesser included of malicious wounding, as the Commonwealth argues, or whether "against a family or household member" does nothing but trigger a sentencing enhancement, as Allen argues. We agree with the Commonwealth. In *Rickman v. Commonwealth*, 33 Va. App. 550 (2000), we upheld a defendant's conviction under Code § 18.2-57.2 after analyzing whether the Commonwealth proved, as an element of the offense, that the victim was a household member of the defendant. *Id.* at 554-59 ("[W]e hold the evidence of cohabitation *was sufficient to support appellant's conviction* under Code § 18.2-57.2." (emphasis added)). *Rickman* makes clear that Code § 18.2-57.2 includes an element not included in Code § 18.2-51 or Code § 18.2-57 that the Commonwealth must prove in order to obtain a conviction. Accordingly, malicious wounding and assault and battery of a household or family member are separate offenses under the *Blockburger* test, and Allen's conviction of both did not violate double jeopardy.[2]

## II. Sufficiency of the Evidence

Allen also challenges the sufficiency of the evidence supporting his conviction. "On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "The question on appeal, is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might

---

[2] We therefore need not consider the Commonwealth's argument that "Allen committed separate and distinct acts when he punched Seay in the mouth and when he bludgeoned Seay's head with the axe handle."

differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

"[D]etermining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact, who has the ability to hear and see them as they testify." *Maldonado v. Commonwealth*, 70 Va. App. 554, 562 (2019) (quoting *Miller v. Commonwealth*, 64 Va. App. 527, 536 (2015)). "Thus, this Court must accept 'the trial court's determination of the credibility of witness testimony unless, "as a matter of law, the testimony is inherently incredible."'" *Canada v. Commonwealth*, 75 Va. App. 367, 386 (2022) (quoting *Nobrega v. Commonwealth*, 271 Va. 508, 518 (2006)). "[W]e may only disturb the trial court's credibility determination if the evidence is 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" *Lopez v. Commonwealth*, 73 Va. App. 70, 84 (2021) (quoting *Kelley*, 69 Va. App. at 626). "Evidence is not 'incredible' unless it is 'so manifestly false that reasonable men ought not to believe it' or 'shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Gerald*, 295 Va. at 487 (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)).

Allen does not contend that Seay's testimony, if believed, was insufficient to establish the elements of malicious wounding. Nor does he argue that her testimony was inherently incredible. Rather, he argues that her testimony was uncorroborated and that she could have sustained her injuries by falling and hitting her head due to excessive alcohol consumption. Allen's arguments are meritless. First, it is well established that "the testimony of a single witness, if found credible by the trial court and not found inherently incredible by this Court, is sufficient to support a conviction." *McCary v. Commonwealth*, 36 Va. App. 27, 41 (2001). Second, Seay's testimony was corroborated. Her severe and undisputed head injuries corroborate her testimony that Allen hit her repeatedly in the head, notwithstanding Allen's

argument that she sustained those injuries in some other fashion. Moreover, her daughter and mother both testified that Seay called them and stated that Allen hit her, while Seay's daughter heard Allen yelling in the background and Seay scream. Finally, in believing Seay's testimony, a reasonable jury could reject Allen's alternative hypothesis that she fell.[3] *See Edwards v. Commonwealth*, 68 Va. App. 284, 301 (2017) ("[M]erely because [a] defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded. What weight should be given evidence is a matter for the [factfinder] to decide." (second and third alterations in original) (quoting *Haskins v. Commonwealth*, 44 Va. App. 1, 9 (2004))). Accordingly, Allen's conviction is supported by sufficient evidence.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

*Affirmed.*

---

[3] Allen's alternative hypothesis is based solely on his assertion, continued on appeal, that "Seay had an elevated blood alcohol level" of 0.2011. It is well established that "the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." *Emerson v. Commonwealth*, 43 Va. App. 263, 277 (2004) (quoting *Hamilton v. Commonwealth*, 16 Va. App. 751, 755 (1993)). The only source for this assertion in the record are Allen's questions on cross-examination, which are not evidence independent of the witnesses' responses. No witness testified that Seay had an elevated blood alcohol level, and there are no toxicology reports in the record.